**ALLEN, etc., Plaintiff-Appellee, v. STREITHORST, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7177.   Decided December 5, 1949.

. Loyal S. Martin, Cincinnati, for plaintiff-appellee.
Stewart S. Cooper, Cincinnati, for defendant-appellant.

**OPINION**

By MATTHEWS, J.:

On February 13th, 1947, the defendant-appellant recovered a judgment for $6,657.30 against the plaintiff-appellee in the Court of Common Pleas of Hamilton County, Ohio, upon a cognovit note, without service of summons or notice of any kind upon him. An attorney, solicited by defendant-appellant, assuming to act under the authority contained in the

note, entered the plaintiff-appellee's appearance and confessed judgment in his name.

On June 30th, 1947, the plaintiff-appellee filed this action. He alleged that he had not been summoned or otherwise legally notified of the time and place of the taking of said judgment and that said cognovit note had been paid. He prayed that the judgment be vacated and set aside and for relief generally. The defendant-appellant answered admitting the procurement of the judgment in accordance with law and the rules of the court and then specially denied that any part of the debt had been paid prior to the entering of the judgment, but alleged that $1,521.72 had been collected on the judgment. Subject to these admissions, the defendant-appellant entered a general denial.

It is admitted that at the trial of this action, the defendant-appellant raised the question of the jurisdiction of the court and moved for a dismissal of the action on that ground and that the court overruled the motion. The defendant-appellant's contention was that the plaintiff-appellee's action was based on §11631 et seq GC, authorizing relief from judgments after term; and that such relief could not be obtained in an independent action, but that the remedy was by motion or petition in the action in which the judgment had been rendered. He pointed to §11635 GC, as so providing.

When the defendant-appellant raised the question of the jurisdiction of the court at the trial, the court, on plaintiff-appellee's motion, directed a consolidation of this case with the case in which the judgment had been rendered, but no order to that effect was journalized at the time. After this appeal was filed, the trial court entered upon the journal an order of consolidation as of the date of the trial and the plaintiff-appellee moved in this court for a diminution of the record by the inclusion of this nunc-pro-tunc entry. This Court having reached the conclusion that the law did not authorize or permit such a consolidation, and that the inclusion of such an order would encumber the record and serve no useful purpose, overruled the motion.

The trial court found that there was substantial evidence to support the plaintiff-appellee's allegations and thereupon suspended execution upon the judgment in the prior case pending the trial of the issues in that case on the merits. It is from that judgment that this appeal was taken.

The defendant-appellant assigns as error that the judgment is manifestly against the weight of the evidence, but as we view the matter, the test in this sort of a case under

§11631 et seq GC, is whether there is substantial evidence of a legal defense to the action thereby leaving the final determination of the issue to the trier of the facts at the new trial. We find substantial evidence to support the defense of payment and the finding of the court that no summons or notice had been served upon plaintiff-appellee in the prior action, and, therefore, find that this assignment of error is not well founded.

We assume, as did defendant-appellant's counsel, that this is an action under favor of §11631 et seq GC, authorizing the Common Pleas Court to vacate or modify its judgment and grant new trials after term, under certain circumstances. By §11631 GC, it is provided that the Common Pleas Court may grant a new trial after term when a judgment is taken upon a warrant of attorney "for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment." And by §11635 GC, the procedure for obtaining a new trial under such circumstances is set forth as follows:

"The proceedings to vacate the judgment or order on the grounds mentioned in divisions four, five, six, seven, eight, nine and ten of the first section of this chapter (§11631 GC), shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action. On such petition a summons shall issue and be served as in the commencement of an action."

The ground alleged for setting aside the judgment is that set forth in Division Nine of §11631 GC.

The defendant-appellant contends that this remedy must be pursued in the action in which the judgment was rendered and that the court of common pleas is without power or jurisdiction to entertain an independent action seeking such relief, and, we assume, he means that no act of waiver or consent of the parties could confer such jurisdiction—that such a judgment under all circumstances is utterly void. And he seems to be supported in this position by the opinion in the case of Shedenhelm v. Myers, 77 Oh Ap, 385, on which he principally relies. That court found that the action before it was in the nature of an application for a new trial under favor of §11631 et seq GC, and, therefore "wholly ineffective to invoke the jurisdiction of the court unless filed

in the action, in which the judgment was rendered" and reversed the judgment "for want of jurisdiction of the trial court, of the proceeding, final judgment is rendered in favor of the defendant dismissing plaintiff's petition at her costs." The court then stated that as plaintiff had failed otherwise than upon the merits she would have the right to file a new petition within the time prescribed under such circumstances.

A reading of the opinion in that case causes us to concur with that court in the reversal of the judgment for the plaintiff, but we find ourselves in complete disagreement from it in the dismissal of the action because of lack of jurisdiction of the trial court to entertain it, and that disagreement is based on a difference in interpretation of the cases cited by that court to support its conclusion. All of them, at least impliedly, support the opposite conclusion.

The case principally relied on in Shedenhelm v. Myers, supra, is **Taylor v. Fitch, 12 Oh St, 169.** As a matter of fact, two cases were considered together in that opinion. The plaintiff in error had obtained a judgment by default at the February term, 1858, against defendant in error. In June, 1858, the defendant filed a petition to vacate the judgment, and for leave to defend under Section 536 of the Code of Civil Procedure, on the ground of alleged "Unavoidable casualty or misfortune, preventing the party from defending" as provided in Section 534 of the Code. The plaintiff in error answered, making up an issue of fact, the case came on for trial, and, as a result, the court made an order vacating the judgment and awarding a new trial. The plaintiff in error (defendant in that case) gave notice of his intention to appeal the case to the district court, amount of appeal bond fixed, bond given, and all steps were regularly taken to perfect an appeal as in ordinary appealable cases. Under the law at that time, the test of the appealability of a case effecting a trial de novo in the appellate court, as is done by an appeal on law and fact under our present procedure, was whether there was a civil action in which a jury was demandable in the trial court. And as the law then stood a jury could be demanded only in civil actions for the recovery of money only, or for the recovery of specific real or personal property. The defendant-appellee in that case moved the district court to dismiss the appeal for lack of jurisdiction of the district court to hear the appeal. The jurisdiction of the trial court was not involved or discussed. The district court sustained the motion on the ground that "there is no provision of law under which the case can be ap-

pealed." It was the dismissal of the appeal that was under review by the Supreme Court in the first case considered in Taylor v. Fitch, supra. That court reviewed the law, analyzed the applicable statutes and the constitutional provision limiting the jurisdiction of the district court and concluded that the action provided for obtaining the setting aside of a judgment and for a new trial after term was a **special proceeding** and not a **civil action,** and affirmed the judgment of the district court dismissing the appeal which left in full force and effect the judgment of the common pleas court setting aside the judgment and awarding a new trial. There was not even a suggestion by the Supreme Court that the judgment of the common pleas court was void.

After the district court had dismissed the appeal, the plaintiff in error filed a petition in error in the district court to reverse the same judgment from which he had unsuccessfully attempted to appeal. The district court reserved that case for decision by the Supreme Court, and that was the second case considered in Taylor v. Fitch, supra. The Supreme Court affirmed the judgment of the Common Pleas Court entered in the independent action setting aside the judgment by default and reinstating the original action on the trial docket. It is manifest from this that the Supreme Court not only did not hold that the Common Pleas Court had no jurisdiction, but held that the judgment rendered in the independent action in that case was free from error.

There are certain expressions in the opinion in that case, which wrested from their context and considered abstractly, can be said to be of doubtful meaning, but when considered in their setting and in the light of the conclusions of the court, the doubt disappears. There is nothing in the opinion inconsistent with the conclusion reached.

In Shedenhelm v. Myers, supra, it is said that Taylor v. Fitch, supra, has never been overruled. That is true, and, as we construe Taylor v. Fitch, there is no reason for overruling it. In Shedenhelm v. Myers, it is said that Taylor v. Fitch has been followed in numerous cases, and **Coates v. Chillicothe Branch of State Bank of Ohio, 23 Oh St, 415,** and **Braden v. Hoffman, 46 Oh St, 639,** are cited as typical of the cases approving Taylor v. Fitch. In neither of the two cases cited as typical was any question raised of the jurisdiction of the trial court. In the first case, what plaintiff, by independent action, sought was not a new trial of the issues in a prior action in which a judgment had been rendered. As is pointed out at page 433 of 23 Oh St, all the relief sought was to be awarded in that case, and it consisted not of granting a new

trial of a prior case, but an injunction against new parties, not parties to the prior action. The Court accordingly held that it was appealable to the district court, or, as we would say under our present legislative nomenclature, it was appealable on law and fact. In the second typical case likewise the question was whether the appellate court had jurisdiction—not whether the trial court had jurisdiction. The jurisdiction of the appellate court was invoked by petition in error, which we would now call an appeal on law only. The appellate jurisdiction depended on whether an order vacating a judgment rendered at a prior term could be reviewed on error. The court held it was an order affecting a substantial right, made upon a summary application after judgment, and, therefore, the circuit court had jurisdiction to review it on error.

We have been cited to no case holding that a trial court has no jurisdiction to hear an independent action for relief under §11631 et seq GC. We have found no such case. In **Beaver v. Beardmore, 40 Oh St, 70,** the Supreme Court reversed a judgment of the district court dismissing such an action and remanded the cause for further proceedings. If the Supreme Court had concluded that the trial court had no jurisdiction of such a case, it would hardly have remanded the cause.

In Folliette v. Brett, 16 C. C. (N. S.) 452, the court held directly that "A petition to vacate a judgment after term may be filed as an independent action."

We find no error in the record, and the judgment is affirmed. As our conclusion is in conflict with the judgment of **Shedenhelm v. Myers, 77 Oh Ap, 385,** and **Terry v. Claypool, 76 Oh Ap, 77,** both decided by the Court of Appeals of the Third District, this case will be certified to the Supreme Court for decision because of such conflict.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.