Weygandt, C. J.
 

 As stated by the defendant-appellant, Streithorst, the sole question now presented for the consideration of this court is whether the Court of Common Pleas was without jurisdiction in the instant case to suspend the execution of the judgment in the earlier case and to grant this plaintiff-appellee leave to file therein an answer interposing his defense.
 

 It is conceded that in the earlier case the Court of Common Pleas had jurisdiction of both the subject matter and the parties. Was any of that jurisdiction lost by that court solely by reason of the fact that the present petition was filed in a separately numbered case?
 

 The syllabus of the opinion of the Court of Appeals (87 Ohio App., 292) reads as follows:
 

 “Under Section 11635, General Code, the court which has rendered a judgment has jurisdiction of an independent action to set aside the judgment and award a new trial, commenced by petition and summons, after the expiration of the term at which the judgment was rendered. The fact that the petition was not filed in the case in which the judgment was rendered does not deprive the court of jurisdiction to grant the relief.”
 

 Is this error?
 

 
 *285
 
 It is conceded, too, that the Court of Common Pleas would have had jurisdiction to entertain and grant this plaintiffs petition if it had been filed in the earlier action and under the same case number or if it had been filed in equity rather than under favor of paragraph 9 of Section 11631, General Code, relating to “taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.”
 

 Did the fact that this petition was not so filed divest the Court of Common Pleas of its jurisdiction of either the subject matter or the parties?
 

 This court is of the opinion that it did not.
 

 The defendant herein concedes, further, that the provisions of Section 11631
 
 et seq.,
 
 General Code, do not expressly require that a petition to vacate a judgment must be filed in the same case. However, he quotes and relies on the language of Section 11635, General Code, that ‘ ‘ on such petition a summons shall issue and be served
 
 as in the commencement of an
 
 action.” (Italics supplied.) It is contended by the defendant that this provision
 
 implies
 
 a requirement that the petition to vacate be filed in the same case. He makes the same contention with reference to Section 11636, General Code, which provides that “the court must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action. ’ ’
 

 In neither instance does this court find such an inference warranted; nor is the court of the opinion that a matter of this importance should be permitted to rest on the unsound basis of a mere inference. Had the General Assembly, intended that a trial court should be divested of jurisdiction to entertain such a petition unless filed in the original case, that intention
 
 *286
 
 could have been stated without difficulty and can be expressed by an amendment if so desired.
 

 The defendant relies strongly, too, on the decision of this court in the ease of
 
 Taylor v. Fitch,
 
 12 Ohio St., 169. However, as stated by Brinkerhoff, J., in the opinion in that case, “the sole question before us in this case is, whether an appeal lies to the district court from an order of the common pleas vacating, upon petition, and at a subsequent term, a judgment rendered by it at a former term” — -obviously a question vastly different from that of jurisdiction of the trial court.
 

 Hence, this court is of the opinion that, while it certainly would have been proper and probably advisable to have filed this petition in the earlier case instead of employing a separate case number, the fact that the latter procedure was followed did not divest the trial court of jurisdiction to entertain and grant the petition under favor of the provisions of Section 13.631
 
 et seq.,
 
 General Code.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Stewart, Taet and Faught, JJ., concur.