GYNN, Plaintiff-Appellee, v. GYNN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24319. Decided February 20, 1958.

Arthur E. Griffith, for plaintiff-appellee.
Harrison M. Crellin, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court from an order entered in a special proceeding overruling defendant's petition (motion) to vacate a judgment after term under the provisions of §2325.01 et seq, R. C. The original action was one for divorce filed by the plaintiff March 20, 1952. The defendant was then in the Ohio State Penitentiary at Columbus, Ohio, where he was served with summons by the sheriff of Franklin County. Summons was returned April 2, 1952 and the defendant filed his answer on May 9, 1952. On May 20, 1952, the plaintiff filed a motion to advance,

which is not shown on the transcript (a copy is found among the original papers) but a copy was mailed to this defendant at the Ohio State Penitentiary in Columbus where the defendant received it on May 21, 1952. The court, in ruling on the motion to advance, set the case at the head of the list for June 9th and ordered the defendant be directed to appear and a subpoena was issued, directed to the Warden of the Ohio Penitentiary, to appear before the Common Pleas Court of Cuyahoga County on June 9, 1952 and to bring the defendant, Emerson R. Gynn, No. 91714, to testify as party defendant. The Warden could not recall whether or not he notified the defendant of the subpoena but it was in the defendant's file at the time the Warden's deposition was taken. For some unexplained reason, the court's order, directing the subpoena to be issued, is not in the transcript but is set forth in handwriting on the motion to advance (above referred to), the entry being "5/28/52—granted. Adv. for top of list June 9, 1951—deft. to be ordered to court for trial. Artl J." The reasons for seeking to advance the case on the trial list are set out in a statement by plaintiff's counsel attached to the motion, and if supported by evidence, would justify advancing the case for trial.

The case was tried by the court in the absence of the defendant on June 9, 1952, and a decree of divorce was ordered, granting plaintiff certain property, the decree being entered on the journal of the court on July 1, 1952, and a certified copy of the decree mailed to the defendant, which he received July 8, 1952.

The defendant filed his "petition" to vacate on July 1, 1955. The grounds set out as the basis upon which he seeks an order vacating such decree is founded upon §2325.01 (C) R. C., which provides: "For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." More specifically, the irregularities set out in the petition are:

1. In not noting on the record the filing of the motion to advance.

2. In not setting out a time for the hearing of such motion.

3. In not putting on the record the court's ruling on the motion to advance.

4. In not notifying defendant the date the case was set for trial.

The defendant also filed an amended answer and cross-petition on July 15, 1955. The plaintiff was served on the petition to vacate by publication and on March 12, 1956, the plaintiff filed a motion to strike defendant's petition to vacate, which was overruled November 16, 1956. On April 11, 1957, after hearing evidence, the court entered its "* * * special finding of fact and law denying defendant's petition to vacate * * *" and on May 11, 1957, the court's decision, denying the said petition, was journalized.

A motion for new trial was filed May 21, 1957, which was overruled July 26, 1957, which was followed by the filing of a notice of appeal on questions of law on August 14, 1957.

The defendant claims the following assignments of error:

"1. Said court committed error prejudicial to the rights of the appellant by its refusal to vacate, render null and void and of no effect, and to declare for naught the entry of judgment, decree and final order

of divorce, and award to the appellee of all of appellant's property, journalized on July 1, 1952, after the appellant had duly filed his valid answer to the appellee's petition, and rendered without legal notice to the appellant of the day, hour, place of hearing and an opportunity to be heard, and to grant a new trial thereof, because it constitutes the denial to the appellant of the equal protection of the law, and deprives the appellant of his rights and property without due course of law, or due process of law, as guaranteed by **Article I, Section 16, Ohio Constitution,** and by Article XIV, Section 1, of the Constitution of the United States of America, and is contrary to law.

"2. That the finding and judgment of the court refusing to vacate the- entry of judgment, decree of divorce and final order, journalized on July 1, 1952, and grant a new trial herein, is contrary to the manifest weight of the evidence.

"3. That the Court committed error prejudicial to the rights of the appellant in failing to respect the defendant's inherent right to act as his own attorney in the conduct of the defense of his own case.

"4. The Court committed error prejudicial to the rights of the appellant by overruling appellant's motion for a new trial."

Assignments numbers one, two and four are based entirely on the evidence and depend wholly on its sufficiency. From a careful examination of the record, there being credible evidence to support the conclusions of the court that no irregularity was established on the record, we are unable to find that the defendant was prejudiced by the court's ruling. These assignments of error are, therefore, overruled. And (as the court found) any claim that the judgment was entered before the case regularly stood for trial, as a basis for seeking to vacate such judgment, must be filed within the first three days of the succeeding term at which the judgment was entered.

Assignment of error number three is likewise overruled because there is no evidence that the defendant was not permitted to act as his own lawyer.

The judgment of the court, journalized May 11, 1957, overruling defendant's "petition" to vacate judgment, is, therefore, affirmed.

One other question appearing in the record should be here considered and that is whether or not the notice of appeal, filed August 14, 1957, vested this court with jurisdiction of this appeal.

This is a special proceeding by which a party to an action seeks a new trial upon the vacation of judgment after term. **Sec. 2325.01 R. C.,** as applicable here, provides in part:

"The Court of Common Pleas or the Court of Appeals may vacate or modify its own final order, judgment or decree after term at which it is made:

"* * *

"(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

**Sec. 2325.04 R. C.,** provides that the procedure wherein a new trial is sought for errors of the clerk or other irregularities (under **paragraph** (C) of §2325.01 R. C.) "* * * shall be by motion, upon reasonable notice

to the adverse party or his attorney in the action * * *." Certainly, if the motion was granted under this provision of the Code, the issue presented by the pleadings would remain for retrial in exactly the same way as would be true if a motion for new trial filed after judgment, as provided by §2321.17 et seq, R. C., had been granted. There is no provision of the statute providing for a retrial of the questions presented by a party seeking relief from a judgment after term under §2325.01 R. C. While an order entered under these sections is a final order as defined by §2505.02 R. C., that is, an order affecting a substantial right made in a special proceeding and is, therefore, appealable, it is not, in fact, a final determination of the rights of the parties to which a motion for new trial may be addressed. It is in legal effect a motion for new trial especially provided for after term upon the specific grounds set out by §2325.01 R. C. There is no statutory right to seek a retrial in such special proceeding after the court judgment has been journalized. The time within which a notice of appeal must be filed is, therefore, not tolled after the journalization of such judgment by filing a motion for a new trial. A notice of appeal filed ninety-five days after the order from which the appeal is taken does not vest this court with jurisdiction of the appeal. We are, therefore, constrained to hold that this court is without jurisdiction to entertain this appeal.

HURD and KOVACHY, JJ, concur.