O'Connor, Appellant, *v.* Graff, Appellee.

(No. 8562—Decided March 30, 1959.)

*Messrs. Smith & Latimer*, for appellant.
*Messrs. Nieman, Aug, Elder & Jacobs*, for appellee.

*Per Curiam.* The notice of appeal herein reads as follows: "This is an appeal from the judgment and final order rendered herein on the 4th day of November, 1958, and from the order overruling for new trial entered on the 9th day of December, 1958." It is manifest that the words, "the motion," were inadvertently omitted from the notice of appeal. This order was made in the Court of Common Pleas.

The record in the case in which this notice was filed shows that it was commenced as an independent action by the filing of a petition styled, "Petition For New Trial After Term." This petition was accompanied by an affidavit to secure constructive service on the ground of the defendant's nonresidence. The defendant, entering her appearance for the sole purpose of objecting to the jurisdiction of the court, moved to quash the service. The court overruled this motion. We do not stop at this point to consider whether the law authorizes service by publication in actions of this sort.

After the court had sustained a motion to strike certain allegations from the petition, the plaintiff filed an amended petition, and the defendant filed an answer to that amended petition. It was upon these pleadings that the case proceeded to trial on October 29, 1958, at the conclusion of which, the court, on November 4, 1958, made the following entry upon its journal: "This cause having come on to be heard and having been submitted to the court on the pleadings *and the evidence*, on consideration whereof, the court finds for the defendant," "It is therefore considered that said defendant go hence without day and recover of said plaintiff her costs of this suit."

On November 12, 1958, as shown by the stamp of the clerk of courts, the plaintiff filed a motion for a new trial. The recital in the transcript of *December 12* is admittedly a mistake; on December 8, this motion was overruled.

The notice of appeal was filed on December 29, 1958, December 28 being a Sunday.

The action now comes before the court upon the motion of defendant, appellee herein, to dismiss the appeal, alleging that the notice of appeal was not filed within the prescribed time of twenty days, as required, in order to confer jurisdiction upon this court.

It is conceded that if the filing of the motion for a new trial tolled the running of the time for appealing, the notice was filed within time and jurisdiction was thereby conferred upon this court to hear the appeal upon its merits.

But, it is insisted that there is no provision in our statutes authorizing the filing of a motion for a new trial in an action for a new trial after term, and that there is no power in the court, either inherent or otherwise, to entertain such a motion, and, therefore, the motion was a complete nullity and had no effect on the running of the time to appeal.

The determination of the issue raised by this motion to dismiss this appeal requires a consideration of what is a trial, a new trial, and the effect of filing a motion or application asking a court to reconsider an issue already decided by it.

A trial is defined in Section 2311.01 of the Revised Code as being an examination of either an issue of fact or law. This has been the statutory definition of a trial in Ohio for many years. It is, at least, as old as the Code of Civil Procedure of 1853.

Prior to October 11, 1945, a new trial was defined by Section 11575 of the General Code as being "a re-examination, in the same court, of an issue of fact * * *." But that section was amended in 1945 by deleting the words, "of fact," so that it then read as follows:

"A new trial is a re-examination, in the same court, of the issues after a final order, judgment, or decree by the court."

Section 2311.01 of the Revised Code defines a trial as:

"A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding."

Thus it is seen that the statute expressly includes the word, "proceeding," in its definition of a trial.

We find no limitation upon the definition of a trial or new trial. A trial is an examination and decision of any issue—fact or law—and a new trial is a re-examination of such an issue by the same court. At no place in the statute do we find any provision either expressly or impliedly providing that a court may not re-examine a decision made in a special proceeding, or in any way limiting the benefits of a re-examination to civil actions under the Code of Civil Procedure.

This action was commenced by the filing of a petition seek-

ing relief against a judgment, followed by process as provided by the statute. It is true, it might have been done in the original action, but it was not necessary that that course be pursued. An independent action was authorized and this is such an action. *Allen* v. *Streithorst*, 87 Ohio App., 292, 93 N. E. (2d), 772, affirmed, 154 Ohio St., 283, 95 N. E. (2d), 761.

Had the other method (by motion) been pursued, it would have made no difference. The answer and the petition raised both issues of fact and law, requiring a decision by the court, following a trial of such issues. The judgment of dismissal was a final order and, therefore, appealable. Certainly, a request for a re-examination of those issues by the court which rendered the decision should be available to the litigant against whom the decision was rendered.

We are cited to the recent case of *Gynn* v. *Gynn*, 106 Ohio App., 132, 148 N. E. (2d), 78, and it is urged that it decides that there is no provision for a new trial in a proceeding for a new trial after judgment. It is true that it is so stated in the opinion in that case; and, were the two cases (this and the *Gynn case*) similar and the expression necessary to the judgment rendered, we would be greatly influenced thereby, and, if possible, certify this case to the Supreme Court because of conflict. However, the record filed in the Supreme Court in the *Gynn case* shows that the Court of Appeals assumed jurisdiction and affirmed the judgment. It also assumed to dismiss the appeal, but, having taken and exercised jurisdiction, it could not nullify its action except by setting it aside in an appropriate way. This, it made no attempt to do.

It seems to us clear that when the Legislature amended Section 12223-7, General Code (now Section 2505.07, Revised Code), in 1945, it had just one purpose in mind—and that was to abolish the confusion that had grown up in the case law about when a motion for a new trial had been "duly" filed, and to provide that the only requirement should be that the motion be filed within ten days. The word had proven a pitfall to many a practitioner. Now, if the order is an appealable one, and the notice of appeal is filed within twenty days of the order overruling the motion for a reconsideration, filed within ten days, jurisdiction of this court attaches, and the appellant need

not worry whether the motion was "duly" filed. This is in harmony with the spirit of the Appellate Procedure Act and all its amendments.

Furthermore, in the case at bar, the original action was for divorce, alimony, and custody and maintenance of minor children; and the court made an award payable in installments. In such a case, the court has continuing jurisdiction. In *Gynn* v. *Gynn, supra* (106 Ohio App., 132), the court had made a final decision, entered a final judgment, and exhausted its jurisdiction.

It seems that the fact that this is itself an action or proceeding for a new trial is a reason against the right to a new trial. That reasoning overlooks the fact that the issues raised by this proceeding for a new trial is new and different, and, in addition to the issues that would have been presented had they been embraced in a motion for a new trial, filed within ten days after judgment in the original case.

For these reasons, the motion to dismiss this appeal is overruled, and the appeal retained for hearing on its merits.

*Motion overruled.*

MATTHEWS, P. J., and O'CONNELL, J., concur.

LONG, J., dissenting. I cannot agree with my colleagues in their conclusion in this case.

In the above case, a motion to dismiss the appeal is presented to this court. In a separate action, a petition for the vacation of a judgment of the Court of Common Pleas of Hamilton County was denied by that court.

The plaintiff, appellant herein, was defendant in a divorce action wherein a judgment was rendered against him in favor of defendant, appellee herein. It is claimed that that judgment is void for want of proper service; the merits of the case are not before us.

The sole question for decision in this court at present is, whether a judgment adverse to a plaintiff seeking the vacation of a judgment, after term, is a final order, as defined by Section 2325.01 *et seq.*, of the Revised Code, and is appealable.

In the case at bar, the transcript indicates the following: Judgment Entry for defendant on November 4, 1958; on November 12, 1958, motion for new trial filed; motion for new trial overruled on December 8, 1958; notice of appeal filed December 29, 1958.

In my opinion, a petition after term to vacate a judgment rendered at a previous term was not intended by the Legislature as a substitute for a motion for a new trial; nor does it toll the time within which a notice of appeal must be filed. The judgment rendered on November 4, 1958, is the real judgment complained of; the notice of appeal filed on December 29, 1958, is too late. This being so, this court is without jurisdiction to hear the appeal on its merits.

On authority of *Gynn* v. *Gynn*, 106 Ohio App., 132, 148 N. E. (2d), 78, the motion to dismiss should be granted. In the *Gynn case*, the Supreme Court of Ohio overruled a motion to certify and dismissed the appeal as of right, 168 Ohio St., 164. Subsequently, in this same *Gynn case*, a writ of certiorari was denied by the Supreme Court of the United States.