**HAASE, Appellee,**

v.

**HAASE, Appellant.**

[Cite as *Haase v. Haase* (1990), 64 Ohio App.3d 758.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55869.

Decided Jan. 25, 1990.

*Joseph Bancsi,* for appellee.

*Arter & Hadden* and *Irene C. Keyse–Walker, William F. Snyder* and *James W. Westfall,* for appellant.

JOHN J. LYNCH, Judge.

Defendant-appellant, William X. Haase, appeals from an order of the trial court which denied his motion to modify alimony, found the appellant to be in arrears on his alimony payments in the amount of $19,702; ordered the assignment of $1,750 per month by his employer/partnership law firm from his retirement benefits to the bureau of support, found appellant to be in contempt of the trial court and remanded appellant to the Cleveland House of Correction until appellant paid appellee the sum of $15,702.

On December 30, 1973, the appellant and plaintiff-appellee, Frances J. Haase, were married. No children were born as a result of this marriage. The parties separated on February 28, 1981 after a little over seven years of married life. Appellee filed a petition for divorce and appellant filed a counterclaim for divorce.

On January 3, 1983, Judge Timothy Flanagan entered a decree of divorce which denied appellee's petition for a divorce and granted appellant's counterclaim for divorce. The judgment entry of divorce further provided for a division of marital assets and specifically provided that: (1) the appellee receive the marital residence and hold the appellant harmless on the first mortgage held by Cardinal Federal Savings & Loan; (2) the appellant pay to the appellee as support alimony the sum of $1,750 per month commencing January 15, 1984 until further order of court or for a period of forty-eight months unless the appellee remarries, dies, or enters into a relationship similar to marriage; and (3) an award of attorney fees to the appellee in the amount of $5,000 with the appellant to transfer his interest in a real estate partnership to the appellee in lieu of cash.

Pertinent excerpts from Judge Flanagan's opinion are as follows:

"The Court further finds that this was a second marriage for both of the parties and each had children by their prior marriage. Plaintiff is age 49 and

in apparent good health. Defendant is age 58 and has recently suffered from heart problems which required major surgery in 1980."

"During the last few years, the Defendant's annual gross income was approximately $100,000.00 per year. However, due to the stress of this divorce proceeding, and his physical condition, and Plaintiff's interference in his legal practice, the firm of Arter & Hadden, effective July 1, 1983, has reduced the Defendant's share of income so that he will now earn $70,000.00 per year."

"Throughout this case the Plaintiff has filed numerous motions to show cause claiming that the Defendant has failed to fully comply with the May 6, 1981 temporary alimony order. While Plaintiff is correct in arguing that Defendant failed to pay her $150.00 in cash every week as ordered by this Court, she fails to note the substantial sums paid by the Defendant for her benefit during the pendency of this action. Following the separation of the parties in February of 1981 the Plaintiff unilaterally attempted to increase her temporary alimony award by charging numerous purchases on the marital charge accounts. [Examples cited.] As a result defendant has paid sums which exceed his temporary support obligation * * *. Therefore, Plaintiff's motion to show cause are denied and there is no arrearage due on the prior orders of this Court."

On July 9, 1985, the appellant filed a motion to modify the trial court's award of support alimony to the appellee. This motion specifically sought: (1) a reduction in the amount of support alimony payable to the appellee as a result of health problems which had reduced the appellant's income; and (2) a trial court order requiring the appellee to hold the appellant harmless with regard to the mortgage held by Cardinal Federal Savings & Loan. The appellee in turn filed a motion to show cause for failure to make support alimony payments, a motion to compel the conveyance of the appellant's interest in a real estate partnership, a motion to modify alimony, and a motion to join new party defendant Arter & Hadden.

On September 23, 1985, December 17, 1985, and February 23, 1986, hearings were conducted before a referee of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, with regard to the motions filed by the appellant and the appellee.

On November 4, 1987, the referee issued a report which made the following recommendations: (1) the appellant's motion to modify alimony is denied; (2) the appellee's motion to modify alimony is denied; (3) the appellee's motion to show cause is granted and the appellant is in arrears in the amount of $19,702.00 as of February 11, 1986; (4) the appellant's former employer/partnership law firm, Arter & Hadden, is joined as a party defendant and ordered

to withhold from benefits, earnings, or shares in the partnership the sum of $1,000 per month plus two percent poundage until all arrearages are paid in full; and (5) the appellee is awarded attorney fees in the amount of $6,615.

On January 26, 1988, the appellant filed objections to the referee's report. On April 6, 1988, the trial court upon review of the record and consideration of the appellant's objections, entered a judgment entry which adopted the referee's report with the following modifications: (1) the appellant is found in contempt and remanded to the Cleveland House of Correction until arrearages in the amount of $19,702 are paid in full; (2) an assignment of $1,785 per month on the firm of Arter & Hadden is authorized; and (3) the appellee is awarded attorney fees in the amount of $2,000.

On April 20, 1988, the appellant filed a motion for new trial with regard to the post-decree motions and a motion for stay of execution of the trial court's judgment entry. On May 27, 1988, the trial court denied the motion for new trial but granted the motion for stay of execution of judgment. Thereafter, the appellant filed the instant appeal. In addition, the appellee filed a notice of cross-appeal on June 20, 1988.

In order to facilitate the instant appeal, this court shall consider the appellee's cross-appeal initially and then proceed to a review of the appellant's three assignments of error.

## I

The appellee's sole assignment of error on cross-appeal is that:

"This court of appeals lacks jurisdiction to entertain appellant's appeal since appellant failed to file his notice of appeal within thirty days from the April 6, 1988 judgment. Appellant did not have the right to file a motion for a new trial from a judgment resulting from a hearing which adjudicated post-decree motions in a divorce case, and therefore appellant's time period of thirty days within which to file an appeal was not suspended pursuant to the provisions of Appellate Rule 4."

The appellee, in her cross-appeal, argues that the appellant failed to file a timely notice of appeal from the trial court's judgment entry of April 6, 1988. The appellee argues that the time period for filing a notice of appeal was not stayed vis-a-vis the filing of a motion for new trial.

This assignment of error is not well taken.

This court, in *DePetro v. DePetro* (Dec. 24, 1980), Cuyahoga App. No. 42300, unreported, held that a party may file a motion for new trial with regard to post-decree motions and that the filing of a motion for new trial suspends the running of the thirty-day period for appeal:

"Before responding to the merits of appellant's assignments of error, we need first consider an issue of jurisdiction. Appellee submits that appellant's notice of appeal was untimely filed, because her motion for new trial, made following the judgment entered on the post decree motions considered below, did not, under Appellate Rule 4(A), suspend the running of the thirty day period following entry of the judgment

"While this precise issue has apparently not been heretofore resolved by this Court, we conclude that appellee's interpretation of Civil Rule 59 and Appellate Rule 4(A) is incorrect.

"In the proceeding below, the trial court took evidence and heard argument on the issues raised by the several post decree motions before it. We believe that the language of Civil Rule 59 is broad enough to authorize the seeking of a rehearing of such post decree motions. *See Wright and Miller, Federal Practice and Procedure: Civil § 2804*, at 35 (1973). Further, we find no language within Appellate Rule 4(A), which mandates, or even suggests, that Civil Rule 59 motions for new trial, made following judgments on post divorce decree motions, do not suspend the running of the time for the filing of a notice of appeal.

"In *O'Connor v. Graff* (1959), 111 Ohio App. 398 [14 O.O.2d 411, 160 N.E.2d 374], the Court of Appeals of Hamilton County decided a similar jurisdictional issue. In that case, the plaintiff to a divorce decree had invoked the Court of Common Pleas' continuing jurisdiction by filing a document styled 'petition for new trial after term'. After hearing evidence on this petition, the lower court had granted judgment to the defendant. Thereafter, the plaintiff moved for a new trial, a motion which was subsequently denied. Subsequently, he filed a notice of appeal which was concededly timely if his motion for new trial had suspended the time for the filing of the notice. The Court of Appeals for Hamilton County held that it had.

"In so holding, the court observed that R.C. § 2311.01 defines 'trial' as ' * * * a judicial examination of the issues, whether of law or fact, in an action or proceeding'; that a new trial is nothing more than a re-examining issues it had decided in special proceeding. *O'Connor v. Graff, supra*, at 400 [14 O.O.2d at 412, 160 N.E.2d at 376]. *Cf. North Royalton Edn. Assn. v. Bd. of Edn.* (1974), 41 Ohio App.2d 209, 70 O.O.2d 434, 325 N.E.2d 901. *But cf. Gynn v. Gynn* (1958), 106 Ohio App. 132 [6 O.O.2d 401, 148 N.E.2d 78]." *DePetro v. DePetro, supra*, at 3.

Thus, the time period in which to file the appellant's appeal was suspended by the filing of the motion for a new trial and the instant appeal was timely filed.

Therefore, the appellant's sole cross-assignment of error is overruled.

## II

The appellant's first assignment of error is that:

"The trial court erred and grossly abused its discretion by denying defendant's motion to modify alimony."

The appellant, in his first assignment of error, argues that the trial court erred in denying his motion to modify support alimony which was premised upon an unforeseen reduction in income caused by appellant's heart problems.

Judge Flanagan, in his divorce decree, found that appellant was suffering from heart problems which required major surgery in 1980 and that due to appellant's physical condition and appellee's interference with appellant's law practice, appellant's income from Arter & Hadden, appellant's law firm, was reduced from approximately $100,000 per year to $70,000 a year effective July 1, 1983.

Robert B. Preston, an attorney, testified on behalf of his law firm, Arter & Hadden, that effective July 1985, appellant's salary was reduced forty percent to approximately $42,000 a year; that after appellant got out of the Cleveland Clinic in November 1985, appellant told Preston that appellant had been in the Cleveland Clinic for several days; that appellant's doctor had indicated that one of appellant's arteries was substantially blocked, namely sixty-five percent; that appellant's doctor told appellant that he probably would be in candidate for open heart surgery in about a year, that appellant's doctor told appellant that appellant should do whatever he could to relieve himself from stressful situations; that appellant felt that his health was such that he was incapable of working as appellant would like to; that appellant felt guilty about not working as much time as other people or that this was expected of him and that because of this, appellant decided to retire.

The retirement age for Arter & Hadden is sixty-five, but for good reasons a partner can retire sooner. They permitted appellant to retire effective January 1, 1986 with retirement benefits of $30,000 a year until appellant arrives at the age of sixty-five.

Appellant testified that in 1980, he had undergone surgery and had inserted a plastic transplant for his aorta below his heart in the artery leading into his lower extremities; that he also had his femoral arteries, which are two arteries leading into his legs, replaced; that he has hypertension and coronary disease; that he was at the Cleveland Clinic in March 1985; that appellant's physician diagnosed appellant as having a twenty-one percent impairment of the anterior portion of his heart arteries which is called atherosclerosis in the upper chest area; that his condition reduced his energy level so that he was unable to fully perform; that his doctor advised appellant to lighten his work

load and to avoid stress; that in November 1985 appellant had chest pains; that appellant went to his doctor who ordered him to go the Cleveland Clinic where he stayed three days; that he had a heart catheterization which showed a sixty-five percent blockage of one of his principal coronary arteries; that there was a change in the rhythm (arrhythmia) in his heart; that appellant's doctor advised appellant that he was having trouble controlling appellant's hypertension; that appellant's doctor advised appellant that he should avoid stress upon him by lightening his activities; that appellant's work load pressure was part of the pressure on appellant; that appellant discussed with his doctor about retiring from his law firm; that appellant's doctor advised appellant to retire; that on the basis of the advice of his doctor, appellant decided to retire; and that as a condition to his retirement benefits, appellant cannot practice law in Cleveland.

As to the factual basis of appellant's claim for relief based on his health problems, the pertinent finding of the referee, which the trial court approved, was the following: "The Referee finds that no admissible evidence or testimony regarding Defendant's physical condition was presented other than Defendant's testimony."

Appellant attempted to introduce into evidence defendant's Exhibit D, which was a letter to appellant from Dr. Martin Schreiber, head of the Hypertension Unit at the Cleveland Clinic, which apparently was a report of Schreiber's examination of appellant and defendant's Exhibit E, which was a report of the Cleveland Clinic of its examination of appellant. The referee refused to admit either exhibit into evidence and appellant has not assigned such refusal as an assignment of error in his case.

However, as a part of appellant's testimony, his attorney had appellant identifying defendant's Exhibit E as a copy of a diagram of his heart as a result of his heart catheterization at the Cleveland Clinic. Appellant testified, without any objection, that the diagram showed that one of his arteries had sixty-five percent blockage.

It is the unanimous decision of this court, upon a review of the entire record of this case, that appellant's severe heart problems had the effect of reducing appellant's ability to perform his duties with his law firm, Arter & Hadden; that appellant's severe heart problems were established in Judge Flanagan's divorce decree; that Preston's testimony corroborates appellant's testimony as to his declining ability to perform his duties as a member of the Arter & Hadden law firm, which was caused by his aggravated heart problems and established the pertinent fact that such firm was satisfied with appellant's explanation of his declining ability to work because of his health problems and permitted him to retire prior to the retirement age of sixty-five.

■ This court further finds that there is no testimony in the record of this case that contradicts the testimony of appellant as to his declining ability to work caused by his aggravated health problems and that appellant's testimony is consistent with both Judge Flanagan's findings in his divorce decrees and Preston's testimony as to appellant's declining income as a partner of the Arter & Hadden law firm.

We hold that the trial court's decision to deny appellant's motion to modify the alimony provision of the divorce is so much against the manifest weight of the evidence that it was an abuse of discretion on the part of the trial judge.

We further hold that appellant's aggravated health problems were such a substantial change from the divorce decree that the support alimony order in the divorce decree should be modified to comply with the findings of this court. See *Puskorius v. Puskorius* (July 5, 1984), Cuyahoga County App. No. 47732, unreported; *Roach v. Roach* (1989), 61 Ohio App.3d 315, 572 N.E.2d 772.

Therefore, this court sustains appellant's first assignment of error.

### III

The appellant's second assignment of error is that:

"The trial court erred by awarding plaintiff $19,702.00 in alimony arrearages, holding defendant in contempt for non-payment of alimony, and sentencing defendant to the Cleveland House of Correction until the arrearages are paid."

The appellant, in his second assignment of error, argues that the trial court erred in finding support alimony arrearages in the amount of $19,720, erred in finding the appellant in contempt for the nonpayment of support alimony, and also erred in sentencing the appellant to incarceration within the Cleveland House of Correction until all arrearages are paid in full.

The trial court, in its judgment entry of April 8, 1988, adopted the finding of the referee that the appellant was in arrears on his support alimony payments in the amount of $19,720 as of February 11, 1986. The appellant challenges the failure of the trial court to consider mortgage payments made by appellant on behalf of the wife in the computation of alimony support payments which amounted to approximately $7,542.53.

In the divorce judgment entry, the trial court awarded the marital residence to plaintiff and ordered the plaintiff to pay all payments on the first mortgage on such house and to hold defendant harmless on such mortgage.

Defendant-appellant testified that his name was on the first mortgage; that plaintiff-appellee became delinquent in her payments on such first mortgage;

that the bank contacted appellant about such delinquencies; and that in order to protect his credit rating, appellant paid the delinquencies on the first mortgage to the bank and deducted the amount of such delinquencies; from his monthly support payments to appellee.

The trial court apparently found that appellant's payments of such delinquencies on the first mortgage on appellee's property were voluntary payments that should not be reimbursed to appellant.

■ Upon a review of the entire record of this case, it is the unanimous decision of this court that appellee's failure to pay the full amount of the payments on such first mortgage is a continuation of appellee's conduct mentioned in the divorce judgment entry in which the trial judge stated that appellee unilaterally attempted to increase her alimony award by various tactics; that appellant's payments of the delinquencies on such mortgages were made to protect his credit rating rather than a gratuitous payment for appellee's benefit, and that the trial court's decision that appellant should not be credited for the payment of the delinquencies on such first mortgage is so much against the manifest weight of the evidence that it was an abuse of discretion on the part of the trial judge.

■ We hold the trial court's sentence that appellant be remanded to the Cleveland House of Correction until appellant pays the sum of $19,702.00 is null and void because it violates the provisions of Section 15, Article I of the Ohio Constitution, which provides that no person shall be imprisoned for debt in any civil action.

The divorce judgment entry dated January 3, 1983 limited appellant's obligation to pay alimony payments to appellee for four years which expired over two years ago. We have already held that the $19,702 judgment must be reduced. We hold that under those circumstances such judgment is a debt for which imprisonment is precluded under Section 15, Article I of the Ohio Constitution. *Bauer v. Bauer* (1987), 39 Ohio App.3d 39, 528 N.E.2d 964.

In conclusion, this court sustains appellant's second assignment of error.

## IV

The appellant's third assignment of error is that:

"The trial court erred by ordering defendant Arter & Hadden to withhold 75% of defendant's monthly income."

The appellant, in his third assignment of error, argues that the trial court erred in withholding the sum of $1,785 plus two percent poundage from his monthly income as derived from his former employer, Arter & Hadden. Specifically, the appellant argues that the amount ordered withheld from his

monthly income exceeded the withholding limits established by R.C. 2329.66, R.C. 3113.21(D)(1), and Section 303(B) of the Consumer Credit Protection Act, Section 1673(b), Title 15, U.S. Code.

R.C. 3113.21 provides, in pertinent part, as follows:

"(D) If a court is required under division (B) or (C) of this section or any other section of the Revised Code to issue one or more orders described in this division, the court shall issue one or more of the following types of orders to pay the support required under the support order and also, if required by either of those divisions, any other section of the Revised Code, or the court, to pay any arrearages:

" * * *

"(4)(a) If the court or child support enforcement agency determines that the obligor is receiving any form of income, * * * *the court may issue an order requiring the person who pays or otherwise distributes the income to the obligor to withhold from the obligor's income a specified amount for support in satisfaction of the support order,* to begin the withholding one week after receipt of the order, and to continue the withholding at intervals determined by the court in its order until further order of the court. To the extent possible, the amount specified in the order to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages that may be owed by the obligor under any prior support order that pertained to the same child or spouse, *notwithstanding the limitations of sections 2329.66, 2329.70, and 2716.13 of the Revised Code. However, in no case shall the sum of the amount specified in the order to be withheld and any fee withheld by the person paying or otherwise distributing the obligor's income as a charge for its services exceed the maximum amount permitted under section 303(B) of the 'Consumer Credit Protection Act,' 15 U.S.C. 1673(b)."* (Emphasis added.) See 142 Ohio Laws, Part II, 3038, 3048.

Section 1673(b), Title 15, U.S. Code provides, in pertinent part, as follows:

"(b)(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of a person shall not exceed—

"(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used) 50 per centum of such individual's disposable earnings for that week; and

"(B) where such individual is not supporting such spouse or dependent child described in clause (A), 60 per centum of such individual's net disposable earnings for that week * * *."

■ In this case, the record shows that appellant's gross income for a year was $30,000 and that the trial court's order to Arter & Hadden to withhold the

sum of $1,785 plus two percent poundage from appellant's monthly retirement income amounted to over seventy percent of appellant's monthly retirement income.

We hold that the trial court's order to withhold the sum of $1,750 from appellant's monthly retirement income clearly exceeds the withholding limits imposed by R.C. 3113.21(D) and Section 1673(b), Title 15, U.S. Code, and is erroneous. *Roach v. Roach* (1989), 61 Ohio App.3d 315, 572 N.E.2d 772. Therefore, we sustain appellant's third assignment of error.

The judgment is reversed. The case is remanded to the trial court to determine, pursuant to this opinion, a modification of appellant's alimony payments to appellee in consideration of appellant's reduction in income caused by his health problems; to credit appellant for his payment of delinquencies of mortgage payments caused by appellee; to eliminate any sentence of appellant for nonpayment of any alimony payments; and to comply with R.C. 3113.21(D)(4) and Section 303(b) of the Consumer Credit Protection Act, Section 1673(b), Title 15, U.S. Code, in ordering Arter & Hadden, appellant's former employer, to withhold from appellant's monthly retirement income any payment of the debt of appellant to appellee.

*Judgment accordingly.*

JOHN F. CORRIGAN, P.J., and MALLONE, J., concur.

JOHN J. LYNCH, J., retired, of the Seventh Appellate District, and JOSEPH P. MALLONE, J., retired, of the Ashtabula County Common Pleas Court, sitting by assignment.