KNECHT, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Knecht v. Ohio Dept. of Rehab. & Corr.* (1992), 78 Ohio App.3d 360.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–82.

Decided Feb. 20, 1992.

Whiteside, J., concurred and filed opinion.

*Christopher James Knecht, pro se.*

*Lee Fisher,* Attorney General, and *Sally Ann Walters,* Assistant Attorney General, for appellee.

HOFSTETTER, Judge.

Plaintiff-appellant, Christopher James Knecht, filed a *pro se* complaint with the Court of Claims against defendant-appellee, Department of Rehabilitation and Correction, alleging that censorship of his mail caused his First Amendment constitutional rights to be violated. In his complaint, appellant also listed as defendants to his suit George Wilson, Director; William Dallman, Warden; Richard Jones, Major; Tom Metcalfe, Captain; Ron Hart, Institution Inspector; and Larry Haas, Special Agent, Department of United States Treasury. In a pre-screening order, the Court of Claims dismissed these individuals as parties from the case.

Appellee filed Civ.R. 12(B)(1) and 12(B)(6) motions to dismiss with the Court of Claims, asserting that the Court of Claims lacked subject-matter jurisdiction and that appellant's complaint failed to state a claim upon which relief could be granted. The Court of Claims granted appellee's motion for dismissal based upon its conclusion that it lacked jurisdiction over the claims. Appellant filed what he characterized as a premature notice of appeal to this grant and, on the same day, he filed a Civ.R. 59 motion to open and amend judgment. The Court of Claims did not rule on appellant's Civ.R. 59 motion.

Appellant has raised the following three assignments of error:

"1. The Court of Claims of Ohio erred to the prejudice of plaintiff-appellant in delaying redress in failing to determine and adjudicate a Civ.R. 59 Motion to Open and Amend judgment of Entry of Dismissal as provided by R.C. 2701.17 and 2701.18 by executing a 'premature' Notice of Appeal in total disregard of App. 4(A) which tolls the time for premature notices of appeals to become effective on the date of overuling [*sic*] of the Civ.R. 59 Motion and thereafter.

"2. The court erred to the prejudice of plaintiff-appellant in restyling the party defendants, under L.C.C.R. 15(B), by name and office in the caption to that of, 'Department of Rehabilitation and Correction,' thus, testifying as a witness as to whom the defendant parties are in this case, and dismissing all the defendants in direct contravention of the provisions of R.C. 2743.02(F) which requires whether the court of common pleas have jurisdiction over civil action[s] and official and employee liability to immunity.

"3. The court errored [*sic*] to the prejudice of plaintiff-appellant in holding that the court lacks subject-matter jurisdiction overconstitutionally [*sic*] derived claims which are predicted [*sic*] upon state action, thus refering [*sic*] to Civ.R. 12(B)(1) and (6) by incorporation of R.C. 2743.02(A)(1), whereas the state may be held liable, for the negligence of the actions of its employees and agents in the performance of such activities, in the same manner as private parties, showing jurisdiction upon the court."

█ In his first assignment of error, appellant asserts that the Court of Claims erred when it failed to rule on his Civ.R. 59 motion and instead forwarded the appeal to this court. The question to be resolved in determining whether or not the Court of Claims erred when it did not rule on the Civ.R. 59 motion is whether there had been a trial within the meaning of the Rules of Civil Procedure. If the Court of Claim's ruling on appellee's Civ.R. 12(B)(1) and (6) motions to dismiss did not constitute a trial, then the motion for a *new* trial was improper and the Court of Claims did not need to address the Civ.R. 59 motion.

In *L.A. & D. v. Lake Cty. Bd. of Commrs.* (1981), 67 Ohio St.2d 384, 21 O.O.3d 242, 423 N.E.2d 1109, the Ohio Supreme Court referred to the language within Civ.R. 56 and to case law and held that " * * * a summary judgment proceeding is not a trial but rather is a hearing upon a motion." *Id.* at 387, 21 O.O.3d at 243, 423 N.E.2d at 1111. Based upon this analysis the court concluded that " * * * a motion for a new trial does not properly lie * * * " from a summary judgment proceeding. The court added that a "motion for a new trial which questions the granting of a summary judgment is a nullity and not proper. * * * " *Id.*

In *Brown v. Coffman* (1983), 13 Ohio App.3d 168, 13 OBR 203, 468 N.E.2d 790, the Montgomery County Court of Appeals held that a judgment rendered upon a Civ.R. 60(B) motion (release from judgment) cannot be a basis for a Civ.R. 59 motion for a new trial because a hearing conducted pursuant to a Civ.R. 60(B) motion is not a trial. *Id.* at syllabus. In this decision, the court discussed case law holding that Civ.R. 59 does not apply in summary judgment situations. The court added that the appellant's proper remedy would have been to file an appeal pursuant to App.R. 4.

Civ.R. 7(B)(1) provides:

"An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. * * * "

This language indicates that motions may be made and ruled upon outside a trial.

Just as the Ohio Supreme Court in *L.A. & D.* found that the language of Civ.R. 56 distinguished between a summary judgment motion and a trial, we find that the language in Civ.R. 12(B) makes a clear distinction between Civ.R. 12(B)(1) and 12(B)(6) motions and trials. Civ.R. 12(B) states that defenses should be raised in a responsive *pleading* and then goes on to identify exceptions to this requirement which may be raised by *motion.* The defenses which may be raised by a motion are set forth in Civ.R. 12(B)(1) through (B)(7). Civ.R. 12(D) provides that "[t]he defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, * * * shall be heard and determined *before trial* on application of any party." (Emphasis added.) The language used in Civ.R. 12 leads us to conclude that Civ.R. 12(B)(1) through (B)(7) dismissals are not intended to be trials within the meaning of the Civil Rules.

Because we conclude that the Ohio Rules of Civil Procedure do not intend rulings on Civ.R. 12(B)(1) and 12(B)(6) motions to constitute trials, we overrule appellant's first assignment of error.

■ In his second assignment of error, appellant contests the Court of Claims' pre-screening entry which dismissed the individuals named in his complaint as parties to the action and also asserts that the Court of Claims erred in not making determinations requested in the complaint and governed by R.C. 2743.02(F). Turning first to the Court of Claims' action dismissing the individuals named as defendants in the suit, the Court of Claims was proper in doing so in light of R.C. 2743.02, which provides that the only defendant to original actions in the Court of Claims is the state. See, also, *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607 (the Court of Claims was correct when it dismissed individual defendants as parties to an action on the basis that only the state can be a defendant in the Court of Claims).

■ Appellant also contends that the Court of Claims failed to make a determination required by R.C. 2743.02(F). This provision essentially provides that, before a civil action may be brought against an officer or employee of the state, the complainant must have a determination made by the Court of Claims that the officer or employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner" and, accordingly, whether the officer or employee is entitled to personal immunity as provided in R.C. 9.86. Not until an individual obtains a ruling from the Court of Claims that the officer or employee does not have immunity may the individual bring a civil action against this person in the common pleas court.

Appellant's argument indicates that he does not completely understand the statutory provisions concerning this area of litigation. Even though the Court of Claims properly dismissed the individuals as defendants from the title of the case, the Court of Claims could still rule on the question of whether a state employee or officer "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." These allegations may still be addressed in a complaint brought against the state entity under which these state officers or employees are employed. Appellant is correct in his statement that, if asked to make this determination, the Court of Claims should have ruled on it. However, appellant's complaint filed with the Court of Claims failed to make this request. In his complaint, appellant contended that the "[d]efendants' acts were committed outside their scope of authority, in bad faith, with malicious purpose, and reckless manner * * *." (Complaint page 4, paragraph 12.) However, nowhere in the complaint did appellant ask the Court of Claims to confirm his contention that the defendants' acts had been committed outside their scope of authority with malicious purpose and bad faith in a reckless manner. Rather, appellant sought a temporary restraining order, a

preliminary injunction, a permanent injunction and declaratory relief from the Court of Claims.

While appellant may have attempted to request that the Court of Claims make a determination per R.C. 2743.02(F) in his complaint, he failed to do so. We will not impose upon the Court of Claims a duty to deduce such an intended purpose in a complaint when there is language alluding to the determination of R.C. 2743.02(F), yet, it is not requested.

Accordingly, we find that the Court of Claims' action in dismissing the individuals as parties to the complaint was proper and done pursuant to the proper methods and we overrule appellant's second assignment of error.

■ In his third assignment of error, appellant asserts that the Court of Claims committed prejudicial error when it dismissed his claim for lack of subject-matter jurisdiction.

R.C. 2743.03(A) establishes the jurisdiction of the Court of Claims; pertinent to the present case is language contained in R.C. 2743.03(A)(1):

"There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *."

R.C. 2743.02(A)(1) addresses the state's waiver of immunity. The pertinent language is as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability."

Thus, in order for the Court of Claims to have subject-matter jurisdiction over the complaint which appellant brought, appellant must have raised complaints against the state which previously could not be brought against the state and which are properly brought against the state.

Declaratory relief against state agencies, employees, or officers was possible prior to the Court of Claims Act. *Am. Life & Acc. Ins. Co. v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301; *A.F.S.C.M.E. v. Blue Cross* (1979), 64 Ohio App.2d 262, 18 O.O.3d 227, 414 N.E.2d 435. Appellant's request that the Court of Claims declare the reading of incoming mail of inmates to be unauthorized was possible before the creation of the Court of Claims; therefore, it is not under the Court of Claims' jurisdiction.

Actions for injunctive relief could be brought against state officers and agencies prior to the Court of Claims Act. *Racing Guild of Ohio, Local 304*

*v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025; *Plastic Surgery Assoc., Inc. v. Ratchford* (1982), 7 Ohio App.3d 118, 7 OBR 151, 454 N.E.2d 567. Appellant's request for an injunction against state employees preventing them from reading incoming mail to inmates ("criminal censorship" according to appellant) could have been brought before the creation of the Court of Claims; therefore, it is not under the Court of Claims' jurisdiction.

The Court of Claims does have exclusive original jurisdiction over actions involving money damages. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82, reaffirmed in *Racing Guild, supra,* at fn. 4. When a claimant seeks equitable relief against the state (such as injunctive and declaratory relief) along with relief over which the Court of Claims has exclusive jurisdiction (such as monetary relief), then the Court of Claims will also have jurisdiction to decide the equitable claims. R.C. 2743.03(A)(2). Accordingly, in the present case, whether the Court of Claims had jurisdiction over appellant's request for injunctive relief and declaratory relief depends upon whether his request for money damages is a claim properly before the Court of Claims.

While appellant in his complaint did not identify the basis upon which he sought compensatory damages in the amount of $2,000,000, it appears to this court that appellant was basing this complaint upon a Section 1983, Title 42, U.S.Code cause of action, for immediately preceding his request for money damages, appellant had alleged that appellee violated his civil rights and he identified his complaint as a "civil rights complaint." It is settled law that the Court of Claims does not have jurisdiction to hear a Section 1983, Title 42, U.S.Code cause of action. This action may only be brought against "persons" whose definition does not include state or state agencies. *Burkey, supra.* Accordingly, the Court of Claims lacked subject-matter jurisdiction over appellant's claim for money damages. Thus, the Court of Claims properly granted the motion to dismiss per Civ.R. 12(B)(1).

 Alternatively, if the Court of Claims did have subject-matter jurisdiction over these claims, appellant still failed to state a claim upon which relief could be granted per Civ.R. 12(B)(6). Ohio Adm.Code 5120–9–17 authorizes the actions which appellant sets forth in his complaint as the basis for his complaint, namely, reading mail which he sent to an inmate in another correctional institution. This section has been upheld as constitutional and appellant did not allege any facts suggesting that appellee's employees or officers had not behaved within the confines of the code. Accordingly, appellant failed to state a claim upon which relief could be granted.

Appellant's third assignment of error is overruled.

Appellant's three assignments of error are overruled. The judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

TYACK, J., concurs.

WHITESIDE, J., concurs separately.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

WHITESIDE, Judge, concurring separately.

Although I concur in the judgment, my reasons vary to some extent from those set forth in the majority decision.

Although the Civil Rules do not define what constitutes a "new trial" for purposes of Civ.R. 59, R.C. 2311.01 does define "trial" as follows: "A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding." See, also, *Columbus Packing Co. v. State ex rel. Schlesinger* (1922), 106 Ohio St. 469, 140 N.E. 376; and *O'Connor v. Graff* (1959), 111 Ohio App. 398, 14 O.O.2d 411, 160 N.E.2d 374.

However, I agree that determination of a Civ.R. 12(B)(6) motion does not constitute a trial within the contemplation of either R.C. 2911.01 or Civ.R. 59, since R.C. 2311.02 defines "issues" as follows:

"Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. They are of two kinds:

"(A) Issues of law;

"(B) Issues of fact." See, also, R.C. 2311.04 and 2311.09.

As to the second assignment of error, some of the language could be construed as being inconsistent with our decision in *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9, 550 N.E.2d 544. However, the result herein is not only consistent but required by *Tschantz*. In addition, dismissal of the individual parties is required by R.C. 2743.02(E).

As to the third assignment of error, the Court of Claims does have jurisdiction of equity claims when the state is the real party in interest. Here, the relief is, in reality, sought against the individual officers and employees of the state because appellant contends they are acting unlawfully. Accordingly, I concur in the opinion.