Appellant Raymond Wofter is appealing the decision of the Muskingum County Court of Common Pleas that denied his motion to designate him the primary residence for Nicole Wofter or, in the alternative, vacate the shared parenting plan and designate him the residential parent of the child.
The trial court issued a judgment entry and decree of divorce, for appellant and Appellee Brenda Wofter, on May 27, 1994. At that time, the parties entered into a shared parenting agreement. The trial court designated appellee the residential parent and legal custodian of Melissa Wofter. The trial court designated appellant the residential parent and legal custodian of Jason Wofter. The parties entered into a shared parenting plan for the youngest child Nicole Wofter. Pursuant to the terms of the shared parenting agreement, the child primarily resided with appellee and had certain periods of visitation with appellant.
On February 18, 1998, appellant filed a motion requesting the trial court to either provide for continuing shared parenting with his residence being designated as the primary residence of Nicole or, alternatively, vacating the shared parenting plan and designating him the residential parent and legal custodian of Nicole. On March 12, 1998, appellee filed a notice of intent to relocate and motion for modified visitation order.
The magistrate conducted a hearing on the above motion on April 20 and 21, 1998. On May 14, 1998, the magistrate issued his decision terminating the shared parenting agreement, denying appellant's request to be designated the residential parent and legal custodian of Nicole, and granting appellee's motion for a modified visitation order. Appellant timely filed objections. On June 19, 1998, the trial court overruled appellant's objections and affirmed the decision of the magistrate.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO DESIGNATE A RESIDENTIAL PARENT AND LEGAL CUSTODIAN AT THE TERMINATION OF A SHARED PARENTING PLAN WITHOUT DUE REGARD TO ALL OF THE REQUIREMENTS OF OHIO REVISED CODE 3109.04(F)(1).
 II IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO ADMIT EVIDENCE IN VIOLATION OF THE OHIO RULES OF EVIDENCE ON ISSUES CRITICAL TO THE DETERMINATION OF THE DESIGNATION OF RESIDENTIAL PARENT AND LEGAL CUSTODIAN.
 I
In support of his First Assignment of Error, appellant contends the trial court abused its discretion when it terminated the shared parenting agreement and designated appellee the residential parent and legal custodian of Nicole without addressing all of the factors contained in R.C.3109.04(F)(1). We disagree.
In determining custody matters, the trial court has broad discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, we will not reverse a trial court's decision concerning a custody matter absent an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's First Assignment of Error.
R.C. 3109.04(F)(1) sets forth factors governing the allocation of parental rights and responsibilities. This statute provides that in determining the best interest of a child, "* * * the court shall consider all relevant factors, including but not limited to * * *:" Appellant argues the trial court failed to address the following factors under R.C.3109.04(F)(1):
* * *
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
* * *
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
* * *
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
* * *
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
Our review of the magistrate's decision indicates the magistrate specifically addressed the factors contained in R.C.3109.04(F)(1)(c) and (j). Magistrate's Decision, May 14, 1998, at 2, 3-4, 6. The trial court indirectly addressed the factors contained in R.C. 3109.04(F)(1)(f) and (i) concerning the parties parenting skills as it relates to visitation when it concluded that the shared parenting decree was no longer in the best interest of Nicole due to the parties' failure to communicate and cooperate with each other. Id. at 2.
Even if we found the trial court did not address all of the factors contained in R.C. 3109.04(F)(1), other courts have held that " '[w]here there is evidence before the court on each factor of R.C. 3109.04(F), this court will not hold that the trial court did not consider all of those factors merely because it did not discuss each and every factor in its decision.' " Bauer v. Bauer (Feb. 14, 1997), Wood App. No. WD-96-025, unreported, at 15, citing Whiteman v. Whiteman (Jan. 27, 1995), Wood App. No. WD-94-086, unreported, at 1. In the case sub judice, there is evidence contained in the record as it relates to each factor.
Accordingly, having found the magistrate discussed each factor contained in R.C. 3109.04(F)(1), in addition to the fact that the record contains evidence concerning each factor, we find the trial court did not abuse its discretion in addressing the factors contained in R.C. 3109.04(F)(1).
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court violated the Ohio Rules of Evidence on issues critical to the determination of the designation of residential parent and legal custodian. We disagree.
"A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's Second Assignment of Error, appellant argues the trial court abused its discretion by not permitting him to introduce evidence of Brian Whitehouse's previous convictions for driving under the influence and trafficking in marijuana. Appellant contends he sought to introduce this evidence not for impeachment purposes but to address the ultimate issue of custody.
We find the trial court did not abuse its discretion by precluding the introduction of this evidence pursuant to Evid.R. 609. This rule provides, in pertinent part:
(B) Time limit
 Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction * * *, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
Brian Whitehouse's convictions are more than ten years old. Therefore, in order to introduce evidence of Whitehouse's convictions, appellant was required to give appellee advance written notice of his intention to use Whitehouse's convictions. The record indicates appellant failed to comply with the requirements of Evid.R. 609. Accordingly, we find the trial court did not abuse its discretion when it refused to permit appellant to introduce this evidence concerning Whitehouse's previous convictions.
Appellant next challenges the magistrate's decision to permit the counselor, Phyllis Berman, to testify concerning Nicole's desire to live with appellee, after the magistrate determined Berman was not qualified to testify under Evid.R. 702.
Berman testified as follows concerning Nicole's desire to reside with appellee:
 Q. In addition to seeing Nicole for this purpose of the move were you asked to do anything else with regard to Nicole?
 A. Yes. Regarding treating her, there is a common diagnosis we see in children which is called an adjustment disorder, and I was treating her for the adjustment disorder. There are several different kinds of adjustment disorders, but this relates to emotional features. She was sad to leave her home, but she was looking for a future. A child of eight years old, there is a lot of adjustment that she is going to have, so in that regard she was being treated.
Q. What did Nicole tell you?
Mr. FRIES: Objection.
 COURT: Overruled. Go ahead and answer the question.
 A. Nicole told me that she wants to go with her mother. Tr. at Vol. I, p. 122-123.
Appellee contends Berman's testimony was admissible, under Evid.R. 803(4), which is an exception to the hearsay rule that permits statements for purposes of medical diagnosis or treatment. We find Berman's statements are not admissible under Evid.R. 803(4) as there is no reason to believe that Nicole was being truthful because her health depended on the honesty. See,In Re Legg (1993), 68 Ohio Misc.2d 1, 5. Although the trial court improperly admitted Berman's testimony concerning Nicole's wish to live with appellee, under Evid.R. 803(4), we find this to be harmless error pursuant to Civ.R. 61. Neither the magistrate's decision nor the trial court's judgment entry adopting the magistrate's decision rely on Berman's statement. Instead, the record indicates the trial court considered many different factors in reaching its conclusion.
Finally, appellant argues the magistrate committed error in allowing, into evidence, the Connecticut school information in violation of Evid.R. 902. This evidence is an East School Handbook. We find the trial court properly admitted this evidence under Evid.R. 902(5). However, even if we were to determine the brochure was improperly admitted into evidence, we find this to be harmless error.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, P. J. Gwin, J., and Reader, V. J., concur.
______________________________
______________________________
 ______________________________ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the of Common Pleas of Muskingum County, Ohio, is affirmed.
___________________________
___________________________
 ___________________________ JUDGES