**PRESLEY, Appellee,**

v.

**PRESLEY et al., Appellees; Green, Guardian, Appellant.**

[Cite as *Presley v. Presley* (1990), 71 Ohio App.3d 34.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57758.

Decided Dec. 31, 1990.

*Janet Kronenburg* and *Jacob A.H. Kronenberg,* for plaintiff-appellee Joseph Presley.

*Fred P. Ramos,* for defendant-appellee Debra L. Presley.

*Susan P. Stauffer* and Cleveland Legal Aid Society, for defendant-appellee Connie Presley.

*Lynda Pegram Green,* Guardian ad Litem, *pro se.*

---

MATIA, Judge.

Appellant, Lynda Pegram Green, guardian ad litem of the minor child Marlana Presley, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying the appellant guardian's motion to modify the appellee Debra L. Presley's visitation rights with her daughter Marlana Presley.

## I. THE FACTS UNDERLYING THIS APPEAL

## A. THE DIVORCE AND CUSTODY AGREEMENT

On January 29, 1985, Debra Presley and the appellee father Joseph Presley were divorced. The divorce judgment entry granted custody of Marlana to the mother.

On September 21, 1988 pursuant to an agreement between the appellee father and the appellee mother, the trial court approved a judgment entry wherein the father was granted custody of Marlana. The judgment entry further provided that the appellee mother be given weekend visitation rights with Marlana.

## B. SUSPECTED CHILD ABUSE

On November 22, 1988, the Department of Human Services (hereinafter DHS) filed a complaint in the Cuyahoga County Juvenile Court requesting immediate temporary custody of Marlana. This complaint was predicated on a suspected child abuse report referred from the KIDS "Hot Line."

## C. THE APPELLANT'S MOTION TO MODIFY VISITATION

On January 26, 1989, appellant filed a motion to modify visitation and suspend the mother's visitation schedule of September 19, 1988.

## D. THE HEARING AND RULING

Hearings on said motion were had on February 6, March 9 and 10, 1989. On March 22, 1989, the court denied appellant's motion and reinstated the September 21, 1988 mandated visitation schedule.

## E. THE TIMELY APPEAL

Thereafter, the appellant timely brought the instant appeal from the denial of the motion to modify visitation.

## II. ASSIGNMENT OF ERROR I

The appellant's first assignment of error is that:

"The trial court erred in not admitting into evidence testimony of a social worker as to statements made to her by the minor involved herein."

This assignment of error is well taken.

## A. ISSUE RAISED: THAT THE TRIAL COURT ERRED BY NOT PERMITTING THE SOCIAL WORKER'S TESTIMONY

The appellant, in her first assignment of error, argues that the trial court erred by not admitting into evidence the testimony of the social worker. Specifically, the appellant argues that the statements made to the social worker by the minor involved should have been permitted as a hearsay exception under Evid.R. 803(4).

## B. EVIDENCE RULE 803(4)

Evid.R. 803(4) sets forth one of the enumerated exceptions to the hearsay rule.

Evid.R. 803(4) excludes:

"Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

## C. TESTIMONY RE TREATMENT BY A SOCIAL WORKER MAY BE RECEIVED

In *State v. Barnes* (Apr. 8, 1985), Clermont App. No. CA84–05–041, unreported, 1985 WL 8654, the appellate court held that the testimony of a social worker can be admitted. The court stated in part as follows:

"Although the wording of Evid.R. 803(4) requires that the statements be made for purposes of medical treatment, *it does not on its face require that such statements be made to a physician.*" (Emphasis added.)

In *State v. Barnes*, the testimony of the social worker was held properly admitted. The court stated, *inter alia:*

"[W]e are convinced that such an interpretation is sound for two reasons. First, the language of the rule itself does not require that such statements be made to physicians. * * * [C]ertainly nurses, orderlies and other hospital personnel might on occasion be privy to these statements. Since the rule does not limit its application to statements made to physicians, statements which satisfy its criteria should be admitted without imposing additional criteria not required by the legislature. Second, admission of statements made to persons other than physicians would still be subject to the same indicia of reliability * * * as long as they were being made for purposes of diagnosis and treatment." *State v. Barnes, supra,* at 32–33.

## D. A SOCIAL WORKER'S TESTIMONY MAY BE VIEWED AS PART OF THE MINOR'S TREATMENT

In *State v. Miller* (1988), 43 Ohio App.3d 44, 539 N.E.2d 693, the court stated as follows:

"[S]tatements by a child abuse victim that the abuser is a member of the victim's household are reasonably pertinent to diagnosis and treatment. [Citations omitted.] Familiar child abuse involves more than physical injury. The identity of the offender might be necessary for psychological diagnosis and treatment and, moreover, treatment may involve, at least in part, removal of the child from the situation." 43 Ohio App.3d at 47, 539 N.E.2d at 696.

Finally, our court of appeals has held that "the testimony of the social worker [as to statements made to her by the victim] * * * [was] admissible under Evid.R. 803(4)." *State v. Nelson* (Jan. 19, 1989), Cuyahoga App. No.

54905, unreported, 1989 WL 4146. See *State v. Hurayt* (Dec. 9, 1988), Cuyahoga App. No. 54662, unreported, 1988 WL 132592.

### E. TESTIMONY OF SOCIAL WORKER
### HELPS DETERMINE TREATMENT

In the present case, the social worker was in the best position to help determine the proper treatment (*i.e.*, which home was free of child abuse) for the minor. Consequently, the social worker's testimony was admissible under Evid.R. 803(4) as a statement made for purposes of treatment.

Several Ohio appellate courts have issued rulings supporting the evidentiary value of the social worker's testimony. See *State v. Reger* (May 14, 1986), Summit App. Nos. 12378 and 12384, unreported, 1986 WL 5699. *State v. Negolfka* (Nov. 19, 1987), Cuyahoga App. No. 52905, unreported, 1987 WL 20211. Since our own court of appeals has arrived at the same conclusion, holding simply that "the testimony of the social worker [as to statements made to her by the victim] * * * were admissible under Evid.R. 803(4)." *State v. Nelson, supra,* we affirm this trend to liberalize the Rules of Evidence when applying them in child abuse situations. The testimony of the social worker should have been admitted as a hearsay exception under Evid.R. 803(4).

For the foregoing reasons, the court erred by not permitting the testimony of the social worker.

This assignment of error is well taken.

### III. ASSIGNMENT OF ERROR II

The appellant's second assignment of error is that:

"The trial court erred in not admitting into evidence testimony by the foster mother of the minor regarding statements made to her by said minor."

This assignment of error is not well taken.

### A. ISSUE RAISED: THE TRIAL COURT ERRED
### BY NOT PERMITTING THE TESTIMONY OF
### THE FOSTER MOTHER

 The appellant, in her second assignment of error, argues that the trial court erred by not admitting into evidence testimony of the foster mother of the minor regarding statements made to her by said minor. Specifically, appellant argues that said minor's statements to her stepmother fall under hearsay exception as an "excited utterance" in accordance with Evid.R. 803(2).

## B. EVIDENCE RULE 803(2)

Evid.R. 803(2) sets forth as an exception to the hearsay rule "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

## C. OHIO COURTS HAVE LIBERALLY CONSTRUED EVIDENCE RULE 803(2)

Ohio courts have recognized the inherent reliability and trustworthiness of the out-of-court statements of sexually abused children. *State v. Jenkins* (July 2, 1986), Summit App. No. 12403, unreported, 1986 WL 7763. In *State v. Jenkins,* a social worker was permitted to testify as to a conversation had with the minor some seven months after the rape.

The court observed as follows:

"Jenkins argues that the seven month interval between the rape and the victim's statements to [the social worker] violate the spontaneity requirement of the [803(2)] exception. Many courts have liberally interpreted the time requirement when the hearsay statements of sexually abused children are at issue. [Citations omitted.]"

## D. THE "EXCITED UTTERANCE" EXCEPTION

This court has stated as follows in *State v. Wagner* (1986), 30 Ohio App.3d 261, 30 OBR 458, 508 N.E.2d 164:

"Related to the notion of a wide discretion in appellate review is a clear judicial trend to liberalize the requirements for an excited utterance when applied to young children victimized by sexual assaults. [Citations omitted.] The significance and trustworthiness of an excited utterance lies in the fact the words are uttered while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. [Citation omitted.] The limited reflective powers of a three-year-old, coupled with his inability to understand the enormity of ramifications of the attack upon him, sustain the trustworthiness of his communications. As a three-year-old, truly in the age of innocence, he lacked the motive or reflective capacities to prevaricate the circumstances of the attack." *State v. Wagner,* 30 Ohio App.3d at 263–264, 30 OBR at 460, 508 N.E.2d at 166. Accord *State v. Negolfka,* (Nov. 19, 1987), Cuyahoga App. No. 52905, unreported, 1987 WL 20211 (mother of victim permitted to testify as to statements made to her by the victim more than two months after the event).

## E. BEST INTERESTS OF THE CHILD

The court must make a determination based on the best interests of the child. *Venable v. Venable* (Sept. 1, 1977), Cuyahoga App. No. 37131, unreported. The record shows that the court did hear testimony from the foster mother regarding what she herself observed about the child. It was persuasive testimony that the trial court took into consideration in making its determination. The excluded testimony amplified this testimony, but its exclusion did not amount to prejudicial error.

## F. THE TRIAL COURT DID NOT ABUSE DISCRETION

█ In the case at bar, the excluded testimony of the foster mother relating what the child had told her could have been permitted by the court as an "excited utterance" notwithstanding the time lapse. The Ohio courts' trend has been to apply this hearsay exception liberally where children suspected of being victims of child abuse are involved. However, the record does not reflect that the excluded testimony prejudiced appellant.

A reviewing court will not disturb a trial judge's decision if it is supported by some competent, credible evidence. *Cleveland v. Northeast Ohio Regional Sewer Dist.* (Sept. 14, 1989), Cuyahoga App. No. 55709, unreported, 1989 WL 107162.

## IV. ASSIGNMENT OF ERROR III

The appellant's third assignment of error is that:

"The trial court erred in not admitting into evidence the testimony of a physician regarding his medical examination and findings pertaining to the minor in question."

This assignment of error is not well taken.

## A. ISSUE RAISED: THE TRIAL COURT ERRED BY NOT PERMITTING THE TESTIMONY OF THE PHYSICIAN

█ The appellant, in her third assignment of error, argues that the trial court erred by not admitting into evidence testimony of the physician. Specifically, appellant argues that evidence of physical abuse similar to that surrounding the later events should have been admitted in accordance with Evid.R. 404(B).

## B. EVIDENCE RULE 404(B)

Evid.R. 404(B) states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

## C. EVIDENCE RULE 403(A)

Evid.R. 403(A) provides in effect that relevant evidence is not admissible if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

## D. THE PHYSICIAN'S EVIDENCE OUTWEIGHED BY UNFAIR PREJUDICE

In the case at bar, physician's testimony, although relevant to the issue being litigated, pre-dated the current issue of custody modification. To allow such testimony would confuse the issue. Thus, the trial court did not err in excluding the physician's testimony.

## V. ASSIGNMENT OF ERROR IV

The appellant's fourth assignment of error is that:

"The trial court erred in that it refused to admit into evidence the testimony of the minor in question without first conducting a proper competency examination, as required by the Ohio rules of evidence."

This assignment of error is not well taken.

■ The appellant, in her fourth assignment of error, argues that the trial court erred by not admitting into evidence the testimony of the minor in question. Specifically, the appellant guardian ad litem argues that the court did not conduct a proper competency examination.

## A. EVIDENCE RULE 601(A)

Evid.R. 601(A) provides that:

"Every person is competent to be a witness except: (A) those of unsound mind, and children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or relating them truly. * * *"

## B. A TRIAL COURT SHALL DETERMINE THE COMPETENCY OF A MINOR WITNESS

■ The trial court is in the best position to determine the competency of a child-witness. *State v. Morgan* (1986), 31 Ohio App.3d 152, 31 OBR 241, 509 N.E.2d 428. The trial court judge can observe the child and ask questions of the child. Therefore the trial court is given deference in determining competency of a child-witness.

## C. TRIAL JUDGE CONDUCTED AN *IN–CAMERA* EXAMINATION OF CHILD–WITNESS

In the case *sub judice,* the trial judge conducted an *in-camera* examination of the child in the presence of the guardian ad litem and the court reporter. Although the judge asked a few pointed questions, it was well within the discretion of the trial court to determine the child incompetent to testify after that *in-camera* proceeding.

## D. TRIAL JUDGE DID NOT ABUSE HIS DISCRETION

The court did not abuse its discretion in declaring the child incompetent to testify since the trial judge is in the best position to determine if a child under ten years of age is a competent witness.

In *Trickey v. Trickey* (1952), 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772, the Ohio Supreme Court discussed whether an appellate court may substitute its judgment for that of a trial court in a question concerning the custody and welfare of minor children. At 13, 47 O.O. at 483, 106 N.E.2d at 774, of *Trickey,* the court stated:

"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is particularly important. *The knowledge obtained through contact with and observation of the parties and through independent investigation cannot be conveyed to a reviewing court by printed record.*" (Emphasis added.)

Therefore, assignment of error four is not well taken.

## VI. ASSIGNMENT OF ERROR V

The appellant's fifth assignment of error is that:

"The trial court erred in not making appropriate findings of fact and conclusions of law, upon timely motion therefor."

This assignment of error is not well taken.

## A. ISSUE RAISED: THE FAILURE OF THE TRIAL COURT TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW

█ The appellant, in her fifth assignment of error, argues that the trial court erred in not making appropriate findings of fact and conclusions of law. Specifically, appellant argues that a recital of the summary of the evidence is not appropriate findings of fact and conclusions of law.

## B. A TRIAL COURT MUST PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR A REVIEWING COURT

"The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error." *Orlow v. Vilas* (1971), 28 Ohio App.2d 57, 59, 57 O.O.2d 106, 107, 274 N.E.2d 783, 784.

## C. CONCLUSIONS OF LAW CAN BE LITTLE MORE THAN FINDINGS OF FACT

"The trial court's conclusion of law is little more than an echo of its finding of fact. This deficiency, however, does not constitute prejudicial error." *Geraci v. Maddalena* (Oct. 25, 1984), Cuyahoga App. No. 47964, unreported, 1984 WL 5271.

## D. THE TRIAL COURT MADE APPROPRIATE FINDINGS OF FACT AND CONCLUSIONS OF LAW THROUGH ITS DECISION

In the case *sub judice,* although the trial court's conclusion of law is little more than a recitation of its findings of fact, when taken together with the record, the conclusions of law provide the reviewing court with a sufficient basis for determining the validity of the assignments of error. Therefore, this deficiency does not constitute prejudicial error.

## VII. ASSIGNMENT OF ERROR VI

"The trial court erred in not ruling upon appellant's timely motion for a new trial."

The appellant, in her sixth assignment of error, argues that the trial court erred in not ruling upon the motion for a new trial. Specifically, the appellant argues that the post-decree motion to modify visitation is equivalent to a "trial."

This assignment of error is not well taken.

## A. ISSUE RAISED: A POST–DECREE MOTION TO MODIFY VISITATION IS SUBSTANTIALLY EQUIVALENT TO A "TRIAL"

██ The court did not address the merits of appellant's motion for a new trial. The court ruled on appellant's motion:

"Pursuant to O.C.Rule 59 counsel filed a motion for a new trial (No. 146147). This rule addresses itself to a *new trial.* In the instance at hand the court conducted a *hearing* on a motion. No trial was held. [Emphasis in original.]"

## B. HEARING HAS QUALITIES OF A TRIAL

In *O'Conner v. Graff* (1959), 111 Ohio App. 398, 14 O.O.2d 411, 160 N.E.2d 374, the Court of Appeals for Hamilton County observed that R.C. 2311.01 defines "trial" as a judicial examination of the issues, whether of law or fact, in an action or proceeding; that a new trial is nothing more than a re-examination of such issues; and that the procedural statute did not purport in any way to limit a court from re-examining issues it had decided in a special proceeding. *O'Conner v. Graff, supra,* at 400, 14 O.O.2d at 412, 160 N.E.2d at 377. Cf. *North Royalton Edn. Assn. v. Bd. of Edn.* (1974), 41 Ohio App.2d 209, 70 O.O.2d 434, 325 N.E.2d 901. But, cf., *Gynn v. Gynn* (1958), 106 Ohio App. 132, 6 O.O.2d 401, 148 N.E.2d 78.

## C. TRIAL JUDGE COULD HAVE RULED ON MOTION FOR NEW TRIAL

In the present case, the trial judge could have ruled on the motion for a new trial although a post-decree motion was being heard. The post-decree motion had the qualities of a trial since evidence was taken and testimony given. *O'Conner v. Graff, supra.*

## D. APPELLANT NOT PREJUDICED BY DENIAL OF NEW TRIAL

██ In case *sub judice,* appellant filed a motion for a new trial arguing that the judgment of the court was not sustained by the weight of the evidence, and that it was contrary to law. However, the appellant presented no new evidence for the trial judge to consider. If a new trial had been granted, the trial judge would have to rule on the same facts, and presumably would have reached the same conclusions of law. The appellant has not been prejudiced by the trial court's denial to rule on the motion, particularly in light of the court's hearing the issues on appeal.

For the foregoing reasons, appellant's sixth assignment of error is without merit.

This cause is affirmed in part, reversed in part and remanded.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

JOHN V. CORRIGAN, P.J., concurs.

JOHN F. CORRIGAN, J., concurs in judgment only.