**In Re LEGG.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 9302075.

Decided Oct. 29, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Ronald Ducoff,* Assistant Prosecuting Attorney, for the state.

*James A. Draper,* Cuyahoga County Public Defender, and *William Soukup,* Assistant Public Defender, for the child, Dale Legg.

KENNETH A. ROCCO, Judge.

## I. *INTRODUCTION*

This court must determine the admissibility of testimony of several witnesses regarding the out-of-court statements of the alleged victim, Tracy Wilson, who is eleven years of age. The state began its case-in-chief on July 13, 1993 with the testimony of Tracy's mother, Mrs. Theresa Farrell. Defense counsel objected to the witness' testimony concerning statements made by Tracy about the incidents charged is this matter, and about uncharged conduct by the alleged delinquent child. This court ordered the state and the child to submit briefs in support of their respective positions regarding the admissibility of Farrell's testimony, and of the proposed testimony by various witnesses concerning out-of-court statements made by the alleged victim. The case was continued pending the resolution of these issues.

The state claims that the proffered testimony is admissible under several exceptions to the rule against the admissibility of hearsay. The state asserts that the mother's testimony regarding statements made by Tracy about incidents that occurred in 1990 and 1992 are admissible because they are excited utterances, or, in the alternative, such statements are not hearsay at all because the statements are not offered for the truth of the assertion. The state makes the same argument in support of the admissibility of testimony of the investigating police officer. The state also argues that, as Tracy will herself testify, the court need not be concerned with the reliability or trustworthiness of her out-of-court statements. Finally, the state contends that the testimony of Tracy's social worker and counselor should be admissible as a statements made for the purposes of medical diagnosis or treatment.

In response, the child claims that statements made by Tracy regarding the alleged incident in 1992 are not relevant because the child has not been charged as a result of such alleged occurrence. In the alternative, the child argues that

evidence relating to the 1992 incident is too prejudicial to the child to be admissible. The child asserts that Tracy's out-of-court statements are not admissible as excited utterances because they do not meet the standard applied by the Supreme Court of Ohio in defining "excited utterances." The child also argues that the proffered testimony of the social worker or the counselor would not be admissible, as Tracy's statements were not made for the purposes of medical treatment. Finally, the child argues that testimony of other witness that is derived from Tracy's out-of-court statements to her mother is not admissible, because the original statements made by Tracy to her mother are inadmissible.

## II. *DISCUSSION*

Tracy's availability to testify does not remove her out-of-court statements from the realm of hearsay. This court rejects the state's argument that in *State v. Boston* (1989), 46 Ohio St.3d 108, 116, 545 N.E.2d 1220, 1229, the Supreme Court of Ohio indicated that the trial court need not be concerned with the problem of hearsay merely because the declarant will be subject to cross-examination during the trial. The state quotes the language of the decision out of context. The Supreme Court of Ohio merely stated that it is acceptable for a declarant to testify about his own out-of-court statements because he will be subject to cross-examination. That does not mean, however, that if the declarant will testify, all testimony regarding his out-of-court statements by other witnesses is no longer considered hearsay.

Any testimony which is based on Farrell's out-of-court statements to third parties, concerning Tracy's out-of-court statements, is not admissible because Tracy's statements would not be independently admissible, as discussed below.

The relevancy and prejudicial effect of portions of Tracy's out-of-court statements are not addressed because they are inadmissible hearsay.

A. THE TESTIMONY OF MRS. FARRELL AND THE POLICE OFFICER TESTIMONY IS IRRELEVANT IF OFFERED TO SHOW THE EFFECT ON THE LISTENER RATHER THAN FOR THE TRUTH OF THE MATTER ASSERTED.

In order to be considered relevant, evidence must have a tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. Evid.R. 401. Evidence which is not relevant is not admissible. Evid.R. 402. The effect Tracy's statements may have had on her mother or the investigating police officer does not have any significant bearing on the resolution of the factual matters of this case. Therefore, if the evidence is offered by the state to show the effect her statement had on her mother or the

police officer instead of for the truth of the matter asserted, it may not be hearsay, but it is inadmissible because it is irrelevant.

### B. NONE OF TRACY'S STATEMENTS TO HER MOTHER OR THE INVESTIGATING POLICE OFFICER IS ADMISSIBLE AS AN EXCITED UTTERANCE.

■ Tracy's statements to her mother are not admissible as excited utterances, Evid.R. 803(2), even if the alleged incident in 1992 is viewed as an startling event sufficient to "produce a nervous excitement" in the declarant. *State v. Taylor* (1993), 66 Ohio St.3d 295, 300, 612 N.E.2d 316, 320. Among the factors the Supreme Court of Ohio has directed the trial court to consider in making such determinations is the requirement that the statement be made "before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination *continued* to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs * * *." (Emphasis *sic*.) *Id.* at 301, 612 N.E.2d at 321. In other words, the declarant must continue to be under the stress of the startling event. *State v. Boston, supra.*

While the Supreme Court of Ohio has not set an express limit on the amount of elapsed time which removes a statement from the excited-utterance exception, its decisions have concerned children who are significantly younger than Tracy. The Supreme Court of Ohio has recognized that children of Tracy's age have a more developed reflective ability than children of tender years. See *Taylor*, 66 Ohio St.3d at 304, 612 N.E.2d at 323. Appellate courts have therefore required evidence that the older child continue to remain under the stress of the event until the time when the statement was made. *State v. Fowler* (1985), 27 Ohio App.3d 149, 27 OBR 182, 500 N.E.2d 390; *State v. Fenton* (1990), 68 Ohio App.3d 412, 588 N.E.2d 951.[1] The state has presented this court with no indication that Tracy's statements to her mother, which were made weeks after the alleged startling event, were in fact made when she was under any stress which would have prevented her from reflecting on either the alleged rapes in 1990 or the incident occurring in 1992. In the absence of such a showing, this court finds that Tracy's statements to Farrell are not excited utterances. Therefore, Farrell's testimony concerning those statements is inadmissible. Tracy's statements to the investigating police officer are also inadmissible under the same rationale.

---

1. The *Fenton* case is the most factually analogous to this case. The victim in *Fenton* did not reveal her abuse to her mother until her mother told her one year later she was going to reconcile with her former boyfriend, who was responsible for the abuse. The appellate court held that the trial court erred in admitting the victim's statement to the mother.

### C. TRACY'S STATEMENTS TO THE SOCIAL WORKER AND TO HER COUNSELOR ARE NOT ADMISSIBLE AS STATEMENTS MADE FOR THE PURPOSE OF MEDICAL TREATMENT OR DIAGNOSIS.

Tracy's statements to her social worker and counselor are not admissible under Evid.R. 803(4). The child correctly points out that guidelines established by the Supreme Court in *State v. Dever* (1992), 64 Ohio St.3d 401, 596 N.E.2d 436, control this court's determination in this matter. However, this court believes that it need not examine the finer points of *Dever*, which instruct the trial court in such determinations when the statement at issue at least superficially appears to have been made for the purpose of medical treatment or diagnosis. Tracy's out-of-court statements to her social worker and counselor do not meet this initial test. Generally such statements are not included within this category because there is no reason to believe that the declarant was being truthful because his or her health depended on honesty. The state has offered no reason why this court should consider Tracy's statements in this light. Such justifications were presented in *Presley v. Presley* (1990), 71 Ohio App.3d 34, 593 N.E.2d 17, on which the state relies. The *Presley* court found that the statements to the social worker were admissible because the court construed the social worker's custody recommendation for the child, whose abuse was alleged, as the equivalent of a medical diagnosis. As the child points out, in this case there is no issue which converts the social worker's role into one which would require her to render a decision equivalent to a medical diagnosis or treatment.

## III. *CONCLUSION*

For the foregoing reasons, testimony concerning the out-of-court statements of Tracy Wilson is inadmissible.

*So ordered.*