OPINION
Defendant-appellant, Jerry Jones, challenges his convictions for gross sexual imposition entered after a jury verdict and the sentences imposed by the Cuyahoga County Court of Common Pleas claiming the court permitted inadmissible hearsay evidence and imposed sentences contrary to law. For the reasons stated below, we affirm appellant's conviction and remand for resentencing.
On March 3, 1998, appellant was charged with one count of attempted rape and two counts of gross sexual imposition of a child under the age of thirteen. He pled not guilty to the charges and the matter went to jury trial. The jury failed to reach a verdict on any of the counts and a mistrial was declared on May 4, 1998. A second jury trial commenced on September 14, 1998. At trial, the state presented the testimony of eleven witnesses.
Nerashe Ruiz, the victim (age 12); Yaricelis, her sister (age 9); and Raymond Ruiz, their father, each testified that on February 14, 1998, after he picked up his daughters for a weekend visit, Nerashe who had confided earlier in her sister, then told her father that appellant, her mother's boyfriend, had put his hand down her pants and touched her vagina and buttocks and touched her breast during the week prior. Nerashe described the incidents beginning on Monday before Valentine's Day. She told her father, as she had told Yaricelis, that appellant told her to come sit on his lap while they were watching television in the morning before school. She refused, but he came and picked her up and sat her on his lap. He put his hand into her panties and started feeling with his finger inside her vagina. She tried to scream but he covered her mouth. Then he put his hand under her pajama top and touched her breast. He asked her whether she had felt a boy's private parts, but she did not respond. He grabbed her hand and put her hand on his private parts over his pants. He told her to keep this activity a secret. She went upstairs and got dressed for school without telling her mother who was still asleep. Then on Friday, while she was getting dressed for school, appellant asked her to "suck his lips." She tried, to leave but he grabbed her arms and pulled her closer and touched his lips momentarily to hers. The incident ended because her sister called out to her. On Saturday, appellant came into the girls' bedroom, gave her sister a hug and touched Nerashe's chest under her pajama shirt. She left the room to go to the bathroom when she returned appellant was not there and she told her sister what happened and made her promise not to tell her mother for fear that her mother would confront appellant and he would hit them both. On Saturday night, after they arrived at her father's house, she went to her father to tell him that appellant had touched her in a lot of places. She was nervous and crying but she told him the whole thing. Raymond Ruiz called the police and called her mother. The police took her to the hospital where the social worker and the doctors checked her.
Officer Douglas Nuti of the Cleveland Police Department testified that he responded to the Ruiz home and escorted Nerashe to Metro Health Medical Center's Emergency Department. Patrolman Juan DeJesus testified that he received the assignment of the matter from Officer Nuti and conducted interviews and prepared a police report.
Dr. John D. Broderick, resident at the Metro Health Medical Center's General Emergency Department, testified that he interviewed and examined Nerashe in the presence of her father. He repeated the allegations which Nerashe made concerning the incidents of the previous week. Dr. Broderick testified that Nerashe told him that on Monday her mother's boyfriend placed his hand down into her private area and put his finger into her vagina and pinched her; on Friday, appellant tried to touch her chest and place her hand on his genitals; and, on Saturday, appellant tried to touch her chest. Dr. Broderick determined that although there was no physical indication of sexual abuse, he arrived at the diagnosis of sexual assault by the history given by the patient because based upon the description of the incidents he would not expect to find clinical indicia of sexual abuse.
Dr. Joel Moll, the attending physician in the Emergency Room, saw Nerashe after she had been examined by Dr. Broderick. Dr. Moll obtained a partial history, recapping the highlights to make sure the case was handled appropriately by the resident physician. He asked Nerashe what happened, she volunteered information and he asked confirmatory questions relating to the history taken by Dr. Broderick which indicated that she had been subject to several assault attempts by her mother's boyfriend in which appellant tried to pinch her labia, touch her breast and kiss her. Nerashe resisted and denied penetration. Although the child had denied penetration, only penile penetration was meant by that notation. He testified that after interviewing and examining Nerashe, he concurred with Dr. Broderick's assessment.
Judy Archer, licensed social worker in the Emergency Department of Metro Health Medical Center, testified that she interviews family members to learn what happened and to give support. That night she interviewed Nerashe in the emergency room department's examining room to establish a record of her visit and she completed a psycho-social assessment by taking a history and determining the type of services needed. Over objection of defense counsel, Ms. Archer recounted the details of the events which Nerashe described from the previous week. She said Nerashe told her that her mother's boyfriend had touched her inappropriately and she described the episodes which began on February 9 when appellant told her to sit on his lap and she refused. Appellant picked her up and placed her on his lap, he put his hand into her pants and inserted his finger a little way into her vagina and pinched her. Nerashe indicated that she was going to scream but appellant put his hand over her mouth. She was able to break away. From February 10 to 12 there were several instances where appellant tried to put his hand either into her shirt or her pants but she was able to get away. On Friday, February 13, before school appellant approached her and asked her to "suck his lips." She refused and appellant squeezed her face and attempted to force her to do so, but they were interrupted by her sister coming into the room. Finally, on February 14, appellant tried to put his hand into her shirt to touch her breast but she was able to get away. She told Archer that she did not tell her mother of the incidents because appellant told her he would beat her or her mother if she told. After this interview with Nerashe concluded, Archer met with the emergency room physician and Nerashe's mother. Archer took part in Nerashe's discharge, planning and follow-up care. Plans were made for Nerashe's safety that she would not return to her mother's home until the locks were changed and Nerashe was given the phone numbers to the Rape Crisis Center, Victim-Witness Group and the Alpha Clinic at the hospital for suspected cases of child sexual abuse.
The objections to Ms. Archer's testimony as advanced in the first trial were incorporated into the record and again overruled by the court.
Jaqueline Little, of the Intake Unit of Cuyahoga County Department of Children and Family Services, testified as to the after-care services provided to Nerashe. She made sure the locks were changed and the home was safe. She referred Nerashe to a therapy group at Applewood Center.
Dr. Mark Feingold of Metro Health Alpha Clinic, medical expert in child sexual abuse matters, opined after a review of the medical records from the emergency room visit that the examination performed on Nerashe was reasonable and that lack of clinical findings does not rule out a diagnosis of child sexual abuse because finger penetration of the vagina may not leave evidence.
Detective Sherylyn Howard of the Cleveland Police Department Sex Crimes Unit testified that she interviewed Nerashe and her parents and obtained written statements from them. She interviewed appellant on February 17 after he was informed of his Miranda rights. Appellant in a written statement denied touching Nerashe.
The state rested, the defense moved for acquittal pursuant to Crim.R. 29 which was denied. Appellant testified on his own behalf and denied the accusations made against him. Appellant's renewed motion for acquittal pursuant to Crim.R. 29 was denied.
The jury returned a verdict of acquittal of attempted rape but returned a verdict of guilty of the lesser included offense of gross sexual imposition on count one of the charge, the jury returned a verdict of acquittal on the charge of gross sexual imposition as charged in count two, but returned a verdict of guilty of gross sexual imposition as charged in count three of the indictment. The jury further found that the victim of each conviction was under the age of thirteen. The court sentenced appellant to serve a prison term of four years on count one and three years on count three, the terms to be served consecutively. Appellant timely appeals and advances two assignments of error for our review.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING A SOCIAL WORKER TO TESTIFY AS TO WHAT THE ALLEGED VICTIM TOLD HER ABOUT THE INCIDENTS UNDERLYING THE CHARGED OFFENSE, BECAUSE SUCH TESTIMONY IS HEARSAY NOT ADMISSIBLE UNDER THE EXCEPTION ALLOWING STATEMENTS FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT PURSUANT TO EVIDENCE RULE 803(4).
 II. THE APPELLANT'S CONSECUTIVE SENTENCES WERE IMPOSED CONTRARY TO LAW AND ARE NOT SUPPORTED BY THE RECORD AND MUST THEREFORE BE VACATED AND ORDERED TO BE SERVED CONCURRENTLY.
In his first assignment of error, appellant complains that the trial court committed reversible error in permitting a social worker to testify as to what Nerashe told her about the incidents underlying the charged offenses. Specifically, in reliance onState v. Chapell (1994), 97 Ohio App.3d 515, appellant complains that the testimony of this social worker does not fall within the exception found in Evid.R. 803(4) which allows hearsay statements made for purposes of medical diagnosis or treatment. Appellant argues that this social worker did not take part in diagnosing or treating Nerashe for any physical or mental condition.
A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271. The words "abuse of discretion" mean that the trial court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An error in an evidentiary ruling does not warrant reversal of the trial court's judgment unless the trial court's actions were inconsistent with substantial justice and affected the substantial rights of the parties. Evid.R. 103 and Civ.R. 61.
We agree that the testimony of the social worker is hearsay. Evid.R. 801. As such, the hearsay testimony recounting the victim's statements is inadmissible except as provided by rule, statute or constitutional provision. Evid.R. 802. However, Evid.R. 803(4) provides an exception to the hearsay rule as follows:
 Statements for purposes of medical diagnosis or treatment and describing medical history or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
The cornerstone of admissibility under Evid.R. 803(4) whether the statements are reasonably pertinent to diagnosis or treatment. State v. Miller (1988), 43 Ohio App.3d 44, 46. In 1990, in Presley v. Presley (1990), 71 Ohio App.3d 34, this court held that where the social worker participated in treating the victim the social worker's testimony was admissible pursuant to the exception found in Evid.R. 803(4).
In 1994, this court in State v. Chapell (1994), 97 Ohio App.3d 515,531 explained that the previous holdings of the court should "not be interpreted to create a per se rule that all statements made to social workers regardless of their functions qualify under the exception to the hearsay rule in Evid.R. 803(4)." The court reasoned that where a social worker's function "does not include diagnosis or treatment whether it be mental or physical treatment of a child sex abuse victim any statement made to the social worker cannot be admissible under the exception to the hearsay rule in Evid.R. 803(4)." Id. at 531. As in Chappell, we look to the function of the social worker in the instant case to determine whether the victim's statement to her could be interpreted as being for diagnosis or treatment.
Appellant, in this appeal, argues that the trial court determined that "social workers are automatically included within the group of personnel that may recount statements by a child victim of sexual assault." (Emphasis added.) However, neither this court nor the trial court has adopted such a position. TheChappell court clearly rejects the contention that a social worker exception automatically exists in Evid.R. 803(4) requiring it to be shown that the statements were made to the social worker for treatment or diagnosis for a mental or physical condition. Moreover, the record in this case belies appellant's contention and it demonstrates that the court considered both the objections to the testimony of the social worker and the arguments presented by counsel at the trial court level.
Appellant further argues that it is "clear" that the role of the social worker in this case was investigative and not medical, thus, not fitting the exception found in Evid.R. 803(4). However, the record reveals that the social worker in this case was part of the emergency room team at Metro Health Medical Center. Her job duties included an intake assessment of this victim. As part of her duties, she completed a psycho-social assessment to determine whether the home environment of the child was safe and whether supportive mental health referrals were necessary. She reviewed safety factors, risk factors and emotional issues which need to be dealt with. Further, her assessment becomes part of the medical records. We find sufficient evidence in the record to support the trial court's conclusion that under these circumstances the statements made to the social worker were admissible as made for purposes of diagnosis or treatment of Nerashe's mental or physical condition when she was brought into the emergency room of Metro Health Medical Center upon reporting the sexual assault.
Therefore, we do not find that the trial court abused its discretion in admitting the testimony of the social worker under these circumstances. Moreover, the testimony of the social worker in this case was, at most, cumulative. The victim in this case testified with clarity at trial; her sister, her father, and two treating physicians recounted the same description of the events leading to the charges against appellant. Thus, we conclude even if error in admission of the social worker's testimony occurred, in this circumstance, such error would be harmless. As a consequence, we do not find the admission of these hearsay statements to be inconsistent with substantial justice nor to have affected the substantial rights of appellant. Accordingly, we do not find reversible error in the admission of the testimony of the social worker and we find appellant's first assignment of error to be without merit.
In his second assigned error, appellant complains that the trial court failed to make the finding required pursuant to R.C.2929.19(B)(2)(c) within the criterion of R.C. 2929.14(E)(4) stating its reasons for the imposition of consecutive sentences. Further, appellant contends that the record fails to support any of the requirements of R.C. 2929.14(E)(4) and its subsections (a), (b) and (c).
R.C. 2929.19(B)(2)(c) states:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
R.C. 2929.14(E)(4) criteria are as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant is correct in his contention that the record demonstrates that the trial court failed to make the specific findings either at the sentencing hearing or in the journal entry imposing the sentence as required to justify a consecutive sentence pursuant to R.C. 2929.14(E)(4). Therefore, the matter is to be remanded to the trial court for resentencing in accordance with the requirements of the statutes.
Judgment of conviction affirmed; remanded for resentencing.
It is ordered that appellee and appellant equally share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case is remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., CONCURS; and O'DONNELL, P.J., CONCURS WITHSEPARATE CONCURRING OPINION.
 _________________________________ TIMOTHY E. McMONAGLE, JUDGE