JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Roy A. Durham, Jr. ("defendant") appeals following his conviction for rape, gross sexual imposition, kidnapping, and intimidation. After careful review, we reverse and remand this matter for a new trial.
 {¶ 2} The relevant facts contained in the record establish the following: the victim is defendant's son, "X",[1] who was born in 1996. The indictment charges defendant with committing crimes against his son between June 2000 and December 2002. At this time, X was 4-6 years old. X was seven years old by the time defendant went to trial.
 {¶ 3} X lives with his mother, T.H. Defendant does not reside with X. Periodically, X would visit his paternal grandmother and stay overnight and sometimes defendant would be there. For approximately the last five years, X's grandmother has pursued visitation and/or custody rights in connection with X. During this time, X accused both his grandmother and his father of sexually abusing him. The Cuyahoga County Department of Children and Family Services ("CCDCFS") investigated and found the allegations of sexual abuse unsubstantiated. The court did not allow this information into evidence but it is part of the record as Court's Exhibit 1. Trial witnesses repeatedly misstated that the CCDCFS "substantiated" the allegations of sexual abuse. The State also referred to these allegations in its closing argument.
 {¶ 4} Several witnesses, including X's mother, testified that X made inappropriate sexual comments and talked about sex since he was three years old. X allegedly described sexual acts he saw his mother engage in with other people. X denied all of this at trial. X also denied that he ever accused his grandmother of sexually assaulting him.
 {¶ 5} Sometime in 2003, X told his mother that defendant anally raped him. It is unknown when this took place. T.H. took X to his pediatrician, Dr. Wagstaff, who conducted a physical exam and found nothing abnormal. Nonetheless, Dr. Wagstaff said the absence of physical evidence was not unusual and did not mean anal assault did not occur. X was the first anal rape victim Dr. Wagstaff had ever examined and the doctor admitted he was not an expert in sexual abuse. Dr. Wagstaff opined that an anal assault occurred. He based this opinion on the verbal reports of X and T.H. and his research of medical references. Dr. Wagstaff's medical report largely involved his notes about what X and T.H. told him. The court admitted this information through both Dr. Wagstaff's testimony and as an evidentiary exhibit over defendant's objection.
 {¶ 6} T.H. reported the alleged incident to the police, who began an investigation. Defendant went to the police department, where he denied the allegations and voluntarily agreed to submit to a polygraph examination. The polygraph examiner opined that defendant was telling the truth when he denied sexually abusing his son. The polygraph was not admitted as evidence but is part of the record as Court's Exhibit 2.
 {¶ 7} Defendant also made a written statement where he denied sexually abusing X and explained why he felt X made such claims. Defendant sought to admit the testimony of the police officer who took that statement. The State objected to allowing this witness to discuss defendant's statement. The court sustained the objection and the witness was not called. The State objected to the admission of defendant's written statement as an exhibit and it was not admitted.
 {¶ 8} Defendant also called Dr. Ezzo to testify on his behalf. Dr. Ezzo conducts evaluations in Juvenile Court custody cases that involve allegations of abuse or neglect and in matters involving termination of parental rights. He also maintains a private psychotherapy practice. Dr. Ezzo interviewed X, defendant, T.H., and X's grandmother relative to the dispute among the parties concerning visitation rights with X. Dr. Ezzo stated his involvement was for purposes of evaluation rather than treatment.
 {¶ 9} Dr. Ezzo observed and interviewed X in an "interactional appointment" to evaluate X with his parents. The interactional appointment took place on February 6, 2003. X had previously accused both his paternal grandmother and his father of sexually abusing him but told Dr. Ezzo that neither had sexually abused him. The State objected to Dr. Ezzo testifying as to what X told him. The court sustained the objection on the basis that Dr. Ezzo did not treat the child and because there was no established time frame for when the alleged abuse had occurred. Dr. Ezzo's testimony was proffered for the record.
 {¶ 10} Defendant testified and denied X's allegations but admitted his criminal history. The State questioned defendant extensively about his criminal record for the stated purpose of "establishing a time line of events."
 {¶ 11} X's grandmother's testimony confirmed that X had falsely accused her of sexually abusing him. She also testified that X was never left alone with defendant. The defense also presented the testimony of other witnesses, who heard X talking inappropriately about his mother's sexual activity.
 {¶ 12} The trial court overruled defendant's motion for acquittal. The jury found defendant guilty as to one count of rape, one count of gross sexual imposition, one count of kidnapping, and one count of intimidation. Defendant is serving a life sentence.
 {¶ 13} Defendant has raised fourteen assignments of error for our review. Because the resolution of certain errors renders others moot, we have tailored our discussion accordingly.
 {¶ 14} "XII. The trial court erred to the prejudice of the appellant when it overruled his motion to dismiss pursuant to Crim. R. 29 where the State had failed to prove the required elements of rape and/or gross sexual imposition and/or intimidation."
 {¶ 15} We first address defendant's claim that the trial court erred in denying his motion for acquittal.
 {¶ 16} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 17} Defendant argues that his convictions were not supported by sufficient evidence because he generally claims the State failed to establish the essential elements of all the crimes. Defendant argues that inconsistencies in X's testimony and the lack of physical evidence render the evidence insufficient to survive his motion for acquittal. We do not agree. Under a sufficiency review, we do not weigh the evidence but instead ascertain whether there is evidence, if believed, that would support a conviction. Ibid.
 {¶ 18} X's testimony presents sufficient evidence that if believed could support a conviction on each element of the charged offenses. Accordingly, this assignment of error is overruled.
 {¶ 19} "V. The trial court erred to the prejudice of the appellant when it refused to allow the proffered testimony of Dr. Ezzo concerning alleged victim's denial that appellant had sexually assaulted him."
 {¶ 20} Evid. R. 103(A)(2) provides in relevant part:
 {¶ 21} "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 22} "* * *
 {¶ 23} "In the case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination."
 {¶ 24} In this case, defendant maintains that the court erred by excluding the testimony of Dr. Ezzo. Defendant's counsel complied with Evid. R. 103(A)(2) by proffering Dr. Ezzo's testimony for our review.
 {¶ 25} Defendant argues that the trial court erred by excluding statements made by X to Dr. Ezzo in violation of Evid. R. 803(4). Dr. Ezzo's proffered testimony establishes that X told him his father did not sexually abuse him as he had previously claimed.
 {¶ 26} Evid. R. 803(4) provides the following exception to Evid. R. 802:
 {¶ 27} "Statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the course of external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 {¶ 28} As noted by the Ohio Supreme Court, there is a "continuing problem of reaching just results in child abuse cases involving statements made by young children during the course of a medical examination. * * * The principal dilemma arises in attempting to apply to children evidentiary rules which were drafted with adults in mind. In applying these rules of evidence to children, we encounter considerable problems in devising a reasonable and workable application. Nevertheless, we continue to strive for balance in this troublesome area of the law. As was noted in State v. Boston, supra, 46 Ohio St.3d at 113 `* * * [I]t is the goal of all the members of the judiciary that results are reached that are equitable and fair to both society and defendants who find themselves charged with the crime of child abuse.'" State v. Dever
(1992), 64 Ohio St.3d 401, 404.
 {¶ 29} In this case, the trial court allowed the State's witness, Dr. Wagstaff, to testify about statements made by X that his father sexually abused him. Conversely, the trial court prohibited the defendant's witness, Dr. Ezzo, from testifying that X had told him his father did not sexually abuse him. The trial court determined that Dr. Wagstaff was treating X and Dr. Ezzo was not. Defendant contends that Dr. Ezzo's testimony was admissible under Evid. R. 803(4) and that the trial court erred to his prejudice by excluding it. We agree.
 {¶ 30} This Court has consistently held that a young rape victim's statements to social workers, clinical therapists and other medical personnel are admissible under Evid. R. 803(4). Presley v. Presley (1990),71 Ohio App.3d 34; State v. Kurpik (June 27, 2002), Cuyahoga App. No. 80468; State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720; Statev. Hogan (June 8, 1995), Cuyahoga App. No. 66956; State v. Shepherd (July 1, 1993), Cuyahoga App. No. 62894; Schulte v. Schulte (June 11, 1993), Wood App. No. 91WD075, affirmed on other grounds in Schulte v. Schulte
(1994), 71 Ohio St.3d 41; State v. Duke (Aug. 25, 1988), Cuyahoga App. No. 52604; State v. Cottrell (Feb. 19, 1987), Cuyahoga App. No. 51576;State v. Negolfka (Nov. 19, 1987), Cuyahoga App. No. 52905.
 {¶ 31} Although Dr. Ezzo did not consider his evaluation of X as being for purposes of "treatment," this is not dispositive of whether the statement is admissible under Ohio Evid. R. 803(4). Statements made by child abuse victims to social workers have been deemed part of a child's treatment. E.g., Presley, 71 Ohio App.3d at 39. In Presley, this Court reasoned that a "social worker was in the best position to help determine the proper treatment (i.e., which home was free of child abuse) for the minor. Consequently, the social worker's testimony was admissible under Evid. R. 803(4) as a statement for purposes of treatment." Id.
 {¶ 32} Following that logic, the trial court should have allowed Dr. Ezzo to testify about what X told him. Dr. Ezzo is a psychotherapist. The Juvenile Court appointed Dr. Ezzo for the purpose of evaluating the parties with regard to custody of X. At that time, X had already accused his father and grandmother of sexually abusing him. Thus, Dr. Ezzo was in the position of helping to determine an appropriate placement for X and was also in a position to make a determination whether to remove X from an abusive situation. This Court has viewed this type of evaluation as being part of the minor's treatment. Id., accord Schulte v. Schulte,
Wood County App. No. 91WD075, affirmed on other grounds in Schulte v. Schulte
(1994), 71 Ohio St.3d 41 (statements made by a child abuse victim to psychologist during evaluation were admissible under Ohio Evid. R. 803(4) because psychologist was in a position to diagnose and suggest treatment for the child to free her from an abusive environment.)
 {¶ 33} Although many of the cases involve the admission of statements by a child who indicates abuse, we see no reason why statements by a child denying previous allegations of abuse should be treated any differently. The statements X made to Dr. Ezzo qualify under Evid. R. 803(4) because, based on the above-cited precedent, they are considered made for purposes of medical diagnosis or treatment, i.e., where to place a child when there are allegations of sexual abuse involved in a custody dispute. Presley, supra.
 {¶ 34} Additionally, Dr. Ezzo's statements should have been admitted under Evid. R. 613(B)(2),[2] which provides:
 {¶ 35} "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 {¶ 36} "(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 {¶ 37} "(2) The subject matter of the statement is one of the following:
 {¶ 38} "(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
 {¶ 39} "(b) A fact that may be shown by extrinsic evidence under Evid. R. 608(A), 609, 616(B) or 706;
 {¶ 40} "(c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence."
 {¶ 41} X denied ever going to Juvenile Court and he denied ever talking to Dr. Ezzo. X further denied that he told Dr. Ezzo defendant did not sexually molest him. According to Dr. Ezzo's proffered testimony, X made prior inconsistent statements to him that are admissible under Evid. R. 613(B).
 {¶ 42} Assignment of Error V is sustained.
 {¶ 43} Our disposition of Assignment of Error V necessitates a new trial and renders the remaining assignments of error moot. See App. R. 12(A)(1)(c).
Judgment reversed and cause remanded for a new trial.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, P.J., and Cooney, J., Concur.
[1] Consistent with this Court's policy in cases of this nature, the victims will not be identified by name wherever possible.
[2] Although this evidentiary rule was not referenced in the briefs, it was addressed during oral argument. A review of the record indicates the exclusion of this testimony was plain error. Crim. R. 52(B).